The following statement of the case is sent up on appeal to this court, as a part of the record: The action was (90) brought upon a policy of insurance issued by the defendant to the plaintiff to secure him against the loss by fire of a certain stock of goods and merchandise, and in the event that the goods were destroyed by fire, to pay him two-thirds of the value of the goods at the time of destruction.
In the application, the plaintiff had stated the value of the stock at the time he effected the insurance, at $2,800.00 and claimed that the value of the stock was $2,500.00 at the time of the fire. The defendant, on the trial, contended that in stating the value of the stock at the time of the fire, the witnesses should be confined to the prime cost and freight of the goods, and not the value of such goods at the place of business. The objection was overruled by the court, and the defendant excepted.
After his Honor had concluded his charge, he was requested by the counsel for the defendant to charge the jury: That inasmuch as one Elijah Sherman, who was plaintiff's clerk at the time of the fire, was present in court, and, though sworn, had not been called and examined as a witness by the plaintiff to prove the value of plaintiff's stock of goods destroyed by fire, that this was a circumstance of suspicion against him; especially as there was much diversity of opinion among the nine witnesses examined as to the value of the goods in plaintiff's store shortly before the fire, varying in their estimates from five hundred dollars as the value of the goods in sight above the counter, to twenty-five hundred dollars as the value of the whole stock; and that the plaintiff thus having it in his power to remove the circumstance of suspicion, if it was unfounded, by examining his clerk, and failing to do so, it was a strong circumstance to show that the goods destroyed were not of the value claimed by the plaintiff." To which *Page 80 
his Honor replied: "That is true, and has been commented on at length by the counsel in his address, and your attention is (91) called to his argument on the point, and you will give the circumstance due consideration in making up your verdict. You will also give the plaintiff's reply such weight as you think it deserves. That the plaintiff had not only sworn Sherman, but had called and tendered him and other witnesses to the defendant, who declined to examine them. You may also consider the circumstances as testified to by the defendant's agent, that shortly after the fire the plaintiff, with the aid of his clerk, Sherman, recollected and put down from memory, at the request of said agent, specifying each article and its value, goods to the amount of $1,800, and that the plaintiff now alleges that by refreshing his memory by his duplicate bills of purchase, he arrives at the amount he claims. You are to decide the case after giving due attention to the arguments addressed to you, and taking all the circumstances and testimony into consideration, and endeavor to arrive at a fair and impartial verdict.
To this portion of his Honor's charge, the defendant excepted.
His Honor had already charged the jury, that it was incumbent upon the plaintiff to prove the truth of the allegations made in the application and the policy, and if the jury believed he made a fraudulent over-valuation of his goods at the time of the fire, he was not entitled to recover.
There was a verdict for the plaintiff, whereupon the defendant moved for a new trial, upon the ground that the verdict was against the weight of the evidence. Motion overruled, and the defendant appealed.
I. The market value of the goods at the time and place of the fire, is that which the plaintiff has lost by the fire, and is the measure of his damage against the defendant, within the (92) amount insured. May on Insurance, p. 525, et seq. Wynne v. Liv., Lon. and Globe Ins. Co., 71 N.C. 121.
II. The failure of the plaintiff to call as a witness one who was his clerk at the time of the fire, to prove the value of his goods, was a proper subject of remark by the defendant's counsel. But what we suppose, the defendant complains of is, that his Honor also called the attention of the jury to the reasons which the plaintiff had for not introducing the clerk. Surely no one but the defendant, who is supposed to see only his own side, could see error in this. *Page 81 
The refusal of his Honor to grant a new trial, because of the verdict, as alleged, was against the weight of the evidence, is not applicable.
There is no error.
PER CURIAM. Judgment affirmed.
Cited: Grubbs v. Ins. Co., 108 N.C. 480; Cox v. R. R., 126 N.C. 106;Hart v. R.R., 144 N.C. 92; R.R. v. Houtz, 186 N.C. 49.