J. S. COX, Administrator of N. L. Cox, v. THE NORFOLK AND CAR-
OLINA RAILROAD COMPANY.

(Decided March 6, 1900.)

*Fatal Injury—Negligence—Contributory Negligence—Ap-
proved Issues.*

1. Approved issues, the natural outgrowth of the doctrine of *"the last
   clear chance:"*
   (1) Did the defendant negligently kill the plaintiff's intestate?
   (2) Was said intestate guilty of contributory negligence?
   (3) Notwithstanding such negligence on the part of the said intes-
       tate, could defendant, by the exercise of due care and prudence,
       have prevented the killing?
   (4) What damage has the plaintiff sustained?

2. The admission by plaintiff of the second issue in regard to contribu-
   tory negligence still leaves the third issue not only proper, but
   necessary to be passed on.

3. The opinion of an admitted expert engineer, examined by plaintiff,
   as to the distance the figure of a man could be distinguished down
   the road at night, by headlight or starlight, admissible, especially
   when corroborated by an engineer, examined by defendant, and
   the result of an actual experiment made with the same view is
   also competent.

4. There is no error in the failure of the Court to instruct the jury
   that the omission of the defendant to introduce a witness, under
   subpœna and present, should not be considered in rendering their
   verdict.

5. Where the sole question was one of fact, as to what extent a certain
   path was actually used by the public, the question of title is not
   involved.

6. The Court is not required to charge in the very words of counsel,
   even when the prayer is correct.

CIVIL ACTION to recover damages for the negligent killing
of the intestate of plaintiff by defendant's train, tried before

*Allen, J.,* at November Term, 1899, of Halifax Superior Court.

Former trial of this cause, reported in 123 N. C., 604. The facts are essentially the same as appeared on the former trial.

The body of the intestate was found on the track, at Hobgood, between 12 and 1 o'clock at night, crushed and mutilated. The deceased had been drinking in the village and had started home that night, along a path used by the public which crossed the track.

The plaintiff contended that the intestate was drunk or asleep, and that the engine passed over him and killed him; that the engineer was not keeping a proper lookout, and did not sound the bell or blow the whistle, and that these were acts of negligence which caused the death of intestate. The plaintiff admits the contributory negligence of the deceased, but says, notwithstanding that, by the exercise of due care and prudence, the defendant could have prevented the injury; that by keeping a due lookout he could have seen the deceased in time to have stopped the train, notwithstanding the negligence of deceased.

The defendant, on the contrary, contended that the engineer was keeping a proper lookout; that he made a proper use of his signals, and that in some way unknown to the defendant the deceased was run over and killed by reason of his own negligence; that the condition of the pilot (cow-catcher) showed that no one could have been run over by the engine, and that the deceased was drunk, and must have gotten entangled in the train, after the engine passed him, and it was too late for the engineer to see him; that the blood on the wheels of the flat car and the hair on the wheels sustained this view of their contention.

There were numerous exceptions to the charge of his Honor taken by defendant, none of which were regarded as tenable by the appellate court, which held that the charge as a whole fairly presented the contentions of defendant, and correctly stated the law applying thereto.

The jury found the first and third issues in the affirmative, and assessed the plaintiff's damages at $2,500. Judgment accordingly. Defendant appealed to Supreme Court.

*Messrs. Thos. N. Hill,* and *Day & Bell,* for appellant.

*Messrs. E. L. Travis, W. A. Dunn,* and *Claude Kitchen,* for appellee.

Douglas, J., writes the opinion of the Court.

Faircloth, C. J., dissenting.

Douglas, J. The essential facts in this case are practically the same as they were when the case was before this Court at its September Term, 1898, reported in 123 N. C., 604. Our opinion in that case settles many of the exceptions now brought up, and especially those relating to the sufficiency of evidence and the submission of issues. There are 37 exceptions by the defendant, one being numbered 13½, and it is manifestly impracticable to discuss each one separately. There was sufficient evidence on all the issues to go to the jury, and the issues have been too often approved by this Court in similar cases to be any longer subject to serious question. Their form was substantially suggested by this Court in *Denmark v. Railroad,* 107 N. C., 185, 189; and, in fact, they are the natural outgrowth of the doctrine of the last clear chance.

This doctrine, first distinctly announced in *Davies v. Mann,* 10 M. & W., 545 (Exc.), was adopted in this State in *Gunter*

*v. Wicker,* 85 N. C., 310, and has now become the settled rule of this Court. *McLamb v. Railroad,* 122 N. C., 862, 883. See also *Inland Coasting Co. v. Tolson,* 139 U. S., 551; *Fulp v. Railroad,* 120 N. C., 525.

As the plaintiff admitted contributory negligence, the third issue, which the defendant sought to have withdrawn, was not only proper, but necessary.

It is as follows: "3. Notwithstanding such negligence on the part of the said intestate, could the defendant, by the exercise of due care and prudence, have prevented the killing?"

We see no error in the admission of Smith's testimony, which was substantially corroborated by the engineer Sanford, a witness for the defendant. The witness Cox testifies that he had made certain experiments to see how far down the track a man could be seen. This was objected to by the defendant, but we think was competent as presented to us in the record. *State v. Graham,* 74 N. C., 646.

We see no error in the failure of the Court to instruct the jury that the omission of the defendant to introduce one Massey as a witness should not be considered in rendering their verdict. *Fowler v. Insurance Co.,* 74 N. C., 89; *Goodman v. Sapp,* 102 N. C., 477; *Hudson v. Jordan,* 108 N. C., 10; *State v. Jones,* 77 N. C., 520.

The authorities cited by the defendant as to what is a public road have no bearing, as there is no question of title involved. The sole question is one of fact as to what extent the path is actually used by the public as tending to affect the degree of care required of the defendant under existing circumstances.

The defendant contends that the plaintiff should not recover because it says there is evidence tending to show that the deceased walked into the train instead of the train running

Cox v. Railroad.

into the deceased.    This involves a question of fact which the jury found it difficult to believe.    We think the charge as a whole fairly presented the contentions of the defendant and correctly stated the law applying thereto.    The Court is not required to charge in *ipsissimis verbis* of counsel even when the prayer is correct.    *Norton v. Railroad,* 122 N. C., 910, 933.

The other exceptions of the defendant are in our opinion equally untenable, and therefore the judgment is
    Affirmed.

FAIRCLOTH, C. J., dissents.