## McCALL v. SOUTHERN RAILWAY CO.

(Filed December 10, 1901.)

1. EVIDENCE—*Railroads—Negligence.*

> Evidence that a space between two parallel railroad tracks was much used as a walkway by the public is competent.

2. NONSUIT—*Exceptions and Objections—Acts 1901, Ch. 594—Practice.*

> Where, at close of evidence for plaintiff, a motion for nonsuit is made and not allowed and defendant excepts, by introducing evidence thereafter he waives this exception.

3. EVIDENCE—*Sufficiency—Negligence.*

> The evidence in this case as to negligence of defendant is held sufficient to be submitted to the jury.

4. NEGLIGENCE—*Contributory Negligence—Proximate Cause.*

> The instructions of the trial judge in this case as to negligence, contributory negligence, and proximate cause, are held to be correct.

5. ISSUES—*Last Clear Chance—Practice.*

> Where negligence on part of defendant and contributory negligence on part of the plaintiff are relied upon by the respective parties, an issue as to the *last clear chance* should be submitted.

MONTGOMERY and COOK, J.J., dissenting.

Action by M. J. McCall against the Southern Railway Company, heard by Judge W. A. Hoke and a jury, at July Term, 1901, of the Superior Court of Mecklenburg County. From a judgment for the plaintiff, the defendant appealed.

*Osborne, Maxwell & Keerans,* for the plaintiff.
*George F. Bason,* and *A. B. Andrews, Jr.,* for the defendant.

Furches, C. J.   The plaintiff was injured by the defendant's train, and brings this action for damages.   The defendant is now, and was at the time of the injury, operating two railroads that run into the city of Charlotte; one of them is known as the Atlantic, Tennessee and Ohio Railroad, from Charlotte to Statesville, and the other runs to the city of Atlanta, Ga., and is known as the Atlanta and Charlotte Air-Line Railroad.   In passing through the city of Charlotte, the tracks of these two roads parallel each other for a considerable distance; and for a considerable distance these tracks are not more than eight feet apart, and the projection of the coaches on these roads is something near two feet and a half beyond the rails of the track.   So that when the coaches on the two roads pass each other, they leave a space between them of not more than three feet and a half, if that much.   At the time the plaintiff was injured, the train on the A., T. and O. road and the train on the Air-Line were passing each other—the A., T. and O. train going north and the Air-Line going south.   The plaintiff was walking north on the A., T. and O road, when she heard the train of that road coming, and stepped off the track of that road to let the train pass, and was looking at that train as it approached. She had her little boy, six years old, with her, and he became very much frightened, and she had to hold him to keep him out of danger of being run over.   While she was thus stand-

ing between the tracks of the A., T. and O. road and the Air-Line road, the two trains passed her at the same moment of time—one on one side and the other on the other—when she was stricken by the Atlanta Air-Line train and received the injuries complained of.

It was in evidence that these tracks were much traveled by footmen in passing from one part of the city to the other, although the public was notified not to do so. The conductor on the Atlanta Air-Line testified that he was running his train at the rate of six or seven miles an hour; that he saw the plaintiff and little boy when he was 125 or 200 yards from them, and could have stopped his train before reaching them, but did not think them in danger. These seem to be the substantial facts as disclosed by the evidence. The following issues were submitted to the jury and found as indicated:

"1. Was the plaintiff's injury caused by the negligence of the defendant? 'Yes.'

"2. Was the plaintiff guilty of contributory negligence? 'No.'

"3. What damage is plaintiff entitled to recover? '$900.'"

There are two exceptions to evidence, but they are the same in substance and legal effect. The plaintiff introduced evidence to show that the defendant's track, where the plaintiff was injured, was much used as a walkway by the public. To this the defendant objected and excepted. But it seems that the ruling of the Court is sustained by *Cox v. Railroad,* 126 N. C., 106, same case 123 N. C., 604, and *Arrowood v. Railroad, Ibid,* 630.

"The defendant assigns for error—1. The admission by the Court of evidence duly excepted to by defendant, which is the grounds of defendant's first exception.

"2. The refusal of the Court to nonsuit the plaintiff at the close of the plaintiff's evidence, which is the ground of defendant's second exception.

"3. The refusal of the Court to nonsuit the plaintiff at the close of the whole evidence, which is the ground of defendant's third exception.

"4. To the charge of the Court, as is set out in defendant's exceptions numbered 4 to 7, inclusive.

"5. The refusal of the Court to grant a new trial as prayed for by defendant, which is covered by defendant's eighth exception."

The first exception, as to the admission of evidence, has already been disposed of, and is not sustained.

The second exception can not be sustained. Several decisions of this Court and the act of the Legislature of 1901, Chap. 594, are against it. *Parlier v. Railroad,* at this term.

The third exception can not be sustained. There is certainly enough evidence to carry the case to the jury.

"4. To the charge of the Court, as is set out in defendant's exceptions numbered 4 to 7, inclusive." We find some difficulty in discussing this exception, for the reason that none of them are numbered in the record. They seem to be indicated by letters designating certain paragraphs in the charge of the Court as excepted to. The first of them is as follows: "(a) But if a grown person is evidently inattentive to the approach of the train, and in a position of such apparent danger that ordinary prudence could not extricate them, then, in that case, it becomes the duty of the engineer to warn them at once by signal, and stop the train if necessary in order to save them, if he could do so by the exercise of proper care." If this paragraph stopped with the word "train" in the second line (of the printed matter) it would be objectionable, and under the condemnation of *Neal v. Railroad,* 126 N. C., 639. But as it does not, and is connected with the balance of the paragraph by the conjunction "and," which makes it necessary that the other facts stated should be found, we do not think it is. Taking it alto-

gether, it does not conflict with *Neal v. Railroad,* and is sustained by *McLamb v. Railroad,* 122 N. C., 862.

The next exception is to the following paragraph in the charge of the Court: "If the plaintiff, under all the evidence of this case, was in a position of evident peril from which ordinary care on her part would not save her, and defendant saw her, or could have seen her position by keeping a proper lookout, in time to have warned her or stopped its train and saved her, under those circumstances it was the duty of the engineer to have stopped the train in time to have avoided the injury, and if he did not do it, then you should answer the first issue 'Yes,' if this was the proximate cause of the woman's injury (c)." We do not think the defendant's exception to this paragraph can be sustained. It is not necessary for the charge to have stated—"or could have seen her position by keeping a proper lookout"—as the engineer testified that he saw her 125 or 200 yards from where she was standing, and in time to have stopped the train before it reached her. But we are unable to see that this unnecessary part of the charge could have damaged the defendant; and, stripped of this sentence, it is sustained by *Neal v. Railroad* and *McLamb v. Railroad, supra.*

The next paragraph excepted to is, in substance, if not in the very language, as the first paragraph quoted in this opinion.

The defendant's next exception is to the following paragraph of his Honor's charge: "(f) The plaintiff is required to exercise due care, but if she fails to do so, and thereby brings injury on herself, then her own negligence is the proximate cause of her injury, and she has not the right to recover. It was negligent for her to go on this track."

"If you answer the first issue 'Yes,' and then say that the defendant was negligent because it failed to stop the train, and because it could have stopped it by the exercise of proper

care, then the defendant is responsible notwithstanding her negligence. Her negligence in this case would not be the proximate cause. While she may have been negligent in going on the track, if you find that after she got in the position of peril the company negligently failed to avoid the injury by stopping the train, then it would not be contributory negligence on her part because they failed to stop the train after she was in a position of peril and could not get out of the way in time to avoid the injury. If you find these to be the facts, then you will answer the second issue 'No,' there was no contributory negligence on her part (g)."

These paragraphs are not as lucid as the charges of his Honor usually are. They are only apparently involved, and, to some extent, seem to be contradictory. But while this may seem to be so, we do not think they are. It is contended by the defendant that the Court charged the jury that the plaintiff was guilty of contributory negligence, and then charged them that she was not guilty of contributory negligence.

This apparent conflict grew out of the fact that no issue was submitted as to whose negligence was the proximate cause of the injury. And while it is thought best not to have too many issues, yet, as contributory negligence was to be pleaded and a separate issue submitted as to that, it seems that it would be entirely proper, if not best, to submit a direct issue to the jury that they may say by a direct finding, whose negligence caused the injury. But we do not think this charge, properly understood, is contradictory. Nor do we see that the defendant has been prejudiced by the manner in which it is stated.

We have considered all of the defendant's exceptions appearing on the record, and as there is no eighth exception, we can not consider the fifth assignment of error.

McCALL *v.* RAILROAD.

Upon a careful examination of the whole record, we find no substantial error, and the judgment appealed from is

Affirmed.

MONTGOMERY, J., dissents.

COOK, J., dissenting. There are only two views of the case in which defendant company can be considered to have been guilty of negligence, and there is no evidence to support either. The first is that of the engineer, when he saw the plaintiff walking on the track of the other railroad (150 or 200 yards away) knew that the train he was meeting was coming at such a rate of speed that the two trains would meet just at that point where plaintiff would be when they met; or that the child was frightened and attracting her attention, and that the oil mill near by was running and making such a noise that she could not hear the train; and that she would remain there between the tracks until the trains met; then and in that event it would have been negligence not to increase his speed to such a high rate as to pass her before meeting the other train, or to have slowed his speed or stopped so as to allow the other train to pass her first. The second is that if the engineer, after discovering her peril (which did not exist until the two trains were closing in on her) could have stopped the train and prevented the injury and failed to use his best efforts to do so, then defendant company would be guilty of negligence.

It is certain that the engineer had a right to assume that plaintiff could and would take care of herself and boy, whom she was caring for and protecting; no obstruction existed to prevent her from getting off the track on the opposite side rather than between the tracks while in sight of two trains coming from opposite directions, and the law does not impose upon engineers the duty of supposing that people will do the foolish rather than the sensible thing.

Or, there may be a third view, to-wit, that it was negli-

gence in defendant company in placing the two parallel tracks so close together that trespassers could not stand with safety between trains meeting along the route, but I do not subscribe to such doctrine. I therefore think the Court erred in not sustaining the motion to nonsuit.