THE TOWNSHIP OF LANDIS

*v.*

MILLVILLE GAS LIGHT COMPANY.

[Decided January 19th, 1907.]

1. A township may, by bill in equity, prevent the use of its highways by a gas company which is engaged in the act of laying gas pipes in such highways without legislative authority.

2. The relief granted to the township in such case may also prevent the use of the gas pipe already wrongfully laid in the highways of the township, when the pipe so laid has not been connected with buildings or brought into use.

3. The propriety of a resolution of a township committee authorizing the filing of a bill to restrain the use of its highways is a legislative and not a judicial question, and the exercise of such legislative discretion by the township committee will not be interfered with by this court in the absence of manifest fraud.

4. Defendant company held to be without legislative authority to occupy the highways of complainant township for the purpose of laying gas pipes therein.

On bill for injunction.

The bill is filed by the township of Landis to enjoin defendant company from laying its gas pipes in the highways of that township. Defendant claims the right under its charter act. *P. L. 1857 ch. 164.* The cause has been heard on bill and answering affidavits at the return of an order to show cause for a preliminary injunction.

*Mr. Royal P. Tuller* and *Messrs. French & Richards,* for the complainant.

*Mr. Louis H. Miller* and *Messrs. Gaskill & Gaskill,* for the defendant.

LEAMING, V. C.

In *Millville Gas Light Co.* v. *Vineland Light and Power Co., ante p. 305,* the provisions of defendant's charter are quoted and considered at some length. Defendant's charter act granted to it the right to lay gas pipes in the streets of the "town of Millville and its vicinity." Millville was then (1857) an unincorporated village in the township of Millville, and the boundaries of the township of Millville at that time included the territory now comprising the township of Landis. In the opinion referred to the view is entertained that the language "the town of Millville and its vicinity," refers to the village of Millville and its vicinity, and not to the township of Millville and its vicinity. The view is also therein expressed that without something to show that the expression "Millville and vicinity" was intended to include more territory than would naturally be imported by that expression, the language could not properly be understood to include the entire township of Millville as it then existed. I still entertain the views expressed in that opinion, and I find nothing in the record in the present case to indicate a different legislative intent in the use of the language. Upon the record before me I feel obliged to hold that the rights conferred upon defendant company in the act of 1857 related to the territory then comprising the village of Millville and its immediate vicinity. In *Madison* v. *Morristown Gas Light Co., 65 N. J. Eq. (20 Dick.) 356, 358,* similar language similarly used is commented upon as follows:

"Vicinity, as used in the statute, applies only to the streets, lanes, alleys and public places adjoining the village of Morristown. * * * The act of incorporation of defendant company is not difficult of construction. Its language construes itself. The company is incorporated to supply gas 'for the purpose of lighting the streets, buildings, manufactories and other places situated in Morristown and its vicinity.' Every building or other place in Morristown may be lighted. Buildings in the vicinity of Morristown may also be lighted. The intent was to give the defendant the right to lay gas pipes and light Morristown and the buildings or factories lying in its vicinity—that is, adjoining Morristown."

The views expressed in the opinion quoted must, ·in the absence of distinguishing features, be accepted by this court as an authoritative declaration of the true significance of the language used in the act. It is unnecessary to here consider whether the word "vicinity" included all the territory now comprising the city of Millville, as that territory is not in dispute in this cause; but I am entirely clear that the word "vicinity," given the import already defined, cannot, in view of the physical conditions disclosed by the record, be reasonably treated as including any territory now embraced within the boundaries of the township of Landis. In 1857 the territory between the outskirts of the village of Millville and the point where the present boundary line of the township is located, a distance of one and one-half or two miles, was an outlying country district and unoccupied by any buildings except a few farm-houses, and substantially the same conditions appear to have existed in 1864 when the township of Landis was set off from the township of Millville. The territory now in dispute, extending from the boundary line northward toward the present borough of Vineland, was of substantially the same character. It would clearly be doing violence to the views expressed by the court of errors and appeals, above quoted, to hold that any part of this territory now in the township of Landis was contemplated by the language of the legislative grant in question, in view of the physical conditions then existing as disclosed by the present record. It follows that defendant must, at this time, be treated as without legislative authority to occupy the highways of the township of Landis for the purpose of operating its gas plant.

It is also urged, on behalf of defendant, that this court cannot properly forbid the use of that portion of the gas pipe which had already been laid in the township of Landis when the restraining order in this cause issued. The application for a mandatory writ compelling the removal of the pipe, already in place, will not be entertained before final hearing; but the conclusion already reached to the effect that defendant is without authority to occupy the highway in question with gas pipes, if sound, manifestly justifies this court in restraining defendant from taking the pipe into use as a part of its system. At present

the pipe merely occupies the highway at a place where the township is authorized to permit another company to occupy it. Should the pipe be now brought into use as a part of the system of defendant company and operated to supply gas to consumers along the line of the highway, the privilege enjoyed by the township to treat with or induce another company to occupy the highway for a similar purpose would be materially affected.

Defendant also urges that the record discloses that the present bill is not filed by the township in good faith, but that the bill is essentially one at the relation of an opposition company. I am unable to reach this conclusion. The propriety of the resolution authorizing the filing of the present bill is a legislative and not a judicial question, and the exercise of legislative discretion cannot be interfered with by this court in the absence of manifest fraud.

I will advise a preliminary injunction covering the scope of the present restraining order.