L. V. HART v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 5 March, 1907).

1. **Evidence—Statements to Third Persons.**—Where a witness testifies that he has truly stated to a third person, of his own knowledge, a fact which he has since forgotten, the testimony of such third party as to what the statement was is competent.

2. **Measure of ·Damages—Time and Place—Woods—Judge's Charge.** The· measure of damages to plaintiff's woods caused by the negligence of the defendant is the reasonable worth of the property at the time and place or locality of destruction, and it was not error in the Court below to refuse to charge that such was the value of the wood standing in the woods, plus the cost of cutting.

CIVIL ACTION, tried before *Cooke, J.,* and a jury, at the October Term, 1906, of the Superior Court of EDGECOMBE County. Verdict and judgment for plaintiff. Defendant appealed.

*G. M. T. Fountain* for plaintiff.
*John L. Bridgers* for defendant.

CLARK, C. J. This is an action to recover the value of cord-wood burned by a fire alleged to have been negligently set out by sparks from the defendant's engine. One Melton testified that as agent for the plaintiff he superintended the cutting and cording of the wood and reported the number of cords to the plaintiff; that the number thus reported was correct, though he does not now remember the exact number; that these reports were sometimes made in writing and sometimes verbally. The written reports were admitted in evidence without objection. The plaintiff testified that the reports were made by Melton, as stated, and that he paid for the number of cords reported by him and that he kept a record of the number. He further testified, over the defendant's objection, what the total number was

which had been reported by Melton and recorded by himself, and which he had paid for. This was competent. "Where a witness testifies that he has truly stated to a third person, of his own knowledge, a fact which he has since forgotten, the testimony of such third party as to what the statement was is competent." 16 Cyc., 1198 (v); 1 Elliott Ev., sec. 389, 390; *Shear v. Van Dyke,* 10 Hun., 528.

The Court charged the jury that the measure of damages was the value of the wood in the locality where it was, and not what it could be sold for elsewhere, and refused to instruct them, as prayed, that "the measure of damages was the value of. the wood standing in the woods, plus the cost of cutting." In this there was no error. "When property is lost or destroyed by the negligence of another, the usual rule as to the measure of damages is the reasonable worth of the property at the time and place of its destruction." *Rippy v. Miller,* 46 N. C., 480; 13 Cyc., 148 (c); *Fowler v. Insurance Co.,* 74 N. C., 89; *Grubbs v. Insurance Co.,* 108 N. C., 480; *Boyd v. Insurance Co.,* 111 N. C., 378. The learned counsel for the defendant laid stress upon the word "locality," but we think the Judge meant by this the "place," *i. e.,* the value of the wood corded up in the woods where it was when burnt, and that the jury must have so understood him.

No Error.