M. C. BUFFALOE v. CAROLINA POWER AND LIGHT COMPANY.

(Filed 13 October, 1920.)

**Issues—Trials—Negligence—Contributory Negligence—Last Clear Chance —Instructions—Appeal and Error.**

In an action against a street car company for its negligence in injuring the plaintiff's vehicle by a collision while crossing the track, and the evidence is conflicting upon the issues of negligence, contributory negligence, and the last clear chance, it is not reversible error for the trial judge to refuse to submit an issue upon the last clear chance, when he properly charges the law thereon under the issue of negligence. The charge in this case is adjudged sufficient, but the submission of the issue as to the last clear chance is commended. *Semble,* the evidence in this case may present the principle of concurring negligence.

APPEAL by plaintiff from *Daniels, J.,* at March Term, 1920, of WAKE.

This action is for damages to plaintiff and his automobile caused by a collision with one of defendant's street cars on New Bern Avenue, just beyond Bloodworth Street, in the city of Raleigh, on 7 March, 1918.

The court submitted only two issues, one as to the negligence of the defendant, answered "Yes" by the jury; and the other as to the contributory negligence of the plaintiff, also answered "Yes." Judgment for defendant, and plaintiff appealed.

*Walter L. Watson and S. Brown Shepherd for plaintiff.*
*James H. Pou, Murray Allen, and W. L. Currie for defendant.*

WALKER, J. There was some evidence to support the finding upon the first issue, apart from the evidence as to the last clear chance, and also conflicting evidence as to whether defendant, after its motorman saw the plaintiff, in the act of crossing its track, had sufficient time to prevent the collision by the exercise of ordinary care, and this conflict in the evidence carried the case to the jury.

The evidence more nearly presents a case of concurring negligence (*Lea v. Utilities Co.,* 176 N. C., 513), the defendant running its car at an excessive speed, and the plaintiff crossing the track too near the approaching car for the motorman to stop the street car and prevent the disaster. But treating the case as one raising, upon the evidence, the question of the last clear chance, the judge sufficiently charged the jury as to that feature of the case, for he told them if they found the facts to be that the motorman discovered, or by the exercise of ordinary care could have discovered, that the plaintiff was in a position of peril in time to have prevented the collision, and he failed to use all available means to stop his car, or to do what ordinary prudence required of him in that respect, and this failure in the performance of the duty he owed the plaintiff was the real and proximate cause of the injury, they should answer the first issue "Yes." The jury evidently accepted the defendant's theory that the plaintiff crossed the track so near the front of the rapidly moving car that the motorman had no sufficient time, by the exercise of due care under the circumstances, to stop his car and prevent the injury. The question as to the last clear chance was properly covered by the judge's charge. *McCall v. R. R.,* 129 N. C., 303. The plaintiff, it is true, was negligent in attempting to cross the track when so near it. The law does not require engineers to anticipate that a man so placed will do the foolish instead of the sensible thing, and if by his own conduct he places it beyond the power of the motorman to save him from his rashness or temerity, he must take the consequences, as he cannot complain of the motorman or impute the wrong to him.

The judge is not bound to submit the third issue, as to the last clear chance, in the sense that it is always reversible error not to do so. *Scott v. R. R.,* 96 N. C., 429. In that case there was only the one issue submitted, as to defendant's negligence, though two were involved, but the charge of the court (Judge H. G. Connor presiding) presented the two phases of negligence and contributory negligence, and this Court affirmed the judgment, where exception had been duly taken by the appellant, that the other issue as to contributory negligence should have been submitted by the court. But where the case is tried upon one issue as to

negligence, or upon that and the issue as to contributory negligence, the court should be careful to explain every view of the case, as to negligence, contributory negligence, and the last clear chance, where all of these matters arise. It is better to submit the question of the last clear chance, where it is presented, by a separate issue, but it is not always imperative to do so if proper instructions are given, so that plaintiff may have the full benefit of it. If we can see clearly that the plaintiff has been prejudiced by a failure to submit the issue, we may correct the error by awarding a new trial. And, in this connection, it may be well to add that the judge should make it plain to the jury what the last clear chance means, which is, as generally defined, that notwithstanding the plaintiff's negligence, if the defendant's motorman saw his peril, or that he had, even negligently, exposed himself to injury by a collision with the approaching car, and was liable to be hurt, or by the exercise of ordinary care he, the motorman, could have seen his danger, as for example, by keeping a proper lookout, and he failed, nevertheless, to exercise such ordinary care, either to discover the peril, or after discovering it, he failed to take proper measures to prevent the injury, the company would be liable. *Norman v. R. R.,* 167 N. C., 535. We think his Honor substantially complied with this rule and gave a proper charge.

It might enable the jury to more clearly understand the case, or, at least, in many instances prevent confusion, if what is called the third issue is submitted. Our conclusion is supported, as we think, by what is held in *McCall v. R. R.,* 129 N. C., 298. The Court said of the question now under discussion: "This apparent conflict grew out of the fact that no issue was submitted as to whose negligence was the proximate cause of the injury. And while it is thought best not to have too many issues, yet, as contributory negligence was to be pleaded and a separate issue submitted as to that, it seems that it would be entirely proper, if not best, to submit a direct issue to the jury that they may say by a direct finding whose negligence caused the injury. But we do not think this charge, properly understood, is contradictory. Nor do we see that the defendant has been prejudiced by the manner in which it is stated."

We conclude that plaintiff was not prejudiced by the failure to submit the issue he requested, but that he got the full benefit of it in the charge which was given.

No error.