### STATE v. E. R. TIBBETTS et al.

No. A-4036. Opinion Filed March 8, 1922.
On Rehearing, April 8, 1922.
(205 Pac. 776.)

(Syllabus.)

1. **Constitutional Law—Master and Servant—Municipal Corporations—Hours of Service Law Within Police Power And Not Violative of Federal Constitution Prohibiting Impairing Contract.** It is within the police power of the state to regulate the number of hours constituting a day's work for laborers employed by or on behalf of the state or any municipality, and to provide that the compensation therefor shall not be less than current wages for like labor, as provided in section 3757, Rev. Laws 1910, and it is not in violation of section 3, article 18, of the Constitution of Oklahoma, nor of section 10, article 1, of the federal Constitution, prohibiting the impairing of the obligations of contracts.

   This power is inherent in the state, and no part of this power has by general law or by special charter been exclusively delegated to the city of Pawhuska.

2. **Statutes—Title to Act Relating to the Working Day for Public Employes Held Sufficiently Broad to Support Object.** The title of the act is sufficiently broad and comprehensive to support the object of the act, as recited in the text, and is not in violation of section 57, art. 5, of our Constitution, providing that every act shall include but one subject, which shall be clearly stated in the title.

3. **Master and Servant—Provision in Statute Relating to Labor Employed for State Held Not to Restrict Meaning of Context, the Word "Provided" Being Used as "and."** Held, that the so-called proviso in this act does not limit or restrict the meaning of the context, but rather extends or adds to its meaning, and that the word "provided" as here used is equivalent to the word "and."

On Rehearing.

4. **Statutes—Certainty and Uniformity of Operation—Act Fixing Hours of Labor and Compensation for Public Work.** Section 3757, R. L. 1910, fixing the hours of labor performed on public work, and providing that the compensation paid shall conform to the wage paid for like labor in that locality, held not void for uncertainty, and that it is uniform in its operation, within the meaning of the Constitution.

Appeal from County Court, Osage County; G. B. Sturgel, Judge.

E. R. Tibbetts and others were charged by an information with acting together wrongfully and unlawfully in violation of statute by refusing to pay workmen the current rate of wages for the class of work performed by them. The defendants' demurrer to the information was sustained, and the State appeals. Reversed.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

Peters, Sands, Holcombe & Holden, for defendants in error.

BESSEY, J. The information filed in this case was based upon section 3757, R. L. 1910, and charged, in substance, that the defendants in error, E. R. Tibbetts and Carl Pleasant, on and before the 20th day of December, 1920, were contractors and partners, doing contract work for the city of Pawhuska in laying and installing sewer extensions for that city; and that defendant Raderick MacDonald was their foreman, and assisted and aided the contractors, and was overseer and gen-

eral manager of the work being done; that the current rate of wages in the city of Pawhuska, for the class of labor employed by these contractors, was $6.50 per day, but that these defendants, acting together, wrongfully and unlawfully violated section 3757, R. L. 1910, by refusing to pay their workmen and laborers the current rate of wages for the class of work performed by them, but, on the contrary, paid them at the rate of $5.60 per day. To this information the defendants filed a demurrer, which was sustained by the court and the action dismissed. From this order of the court the state saved and reserved an exception, and appeals to this court upon the question of law therein involved.

Section 3757, R. L. 1910, is as follows:

"Eight hours shall constitute a day's work for all laborers, workmen, mechanics, prison guards, janitors of public institutions, or other persons now employed or who may hereafter be employed by or on behalf of the state, or by or on behalf of any county, city, township or other municipality, except in cases of extraordinary emergency which may arise in time of war, or in cases where it may be necessary to work more than eight hours per calendar day for the protection of property or human life: Provided, that in all such cases the laborers, workmen, mechanics or other persons so employed and working to exceed eight hours per calendar day shall be paid on the basis of eight hours constituting a day's work: Provided, further, that not less than the current rate of per diem wages in the locality where the work is performed shall be paid to laborers, workmen, mechanics, prison guards, janitors in public institutions, or other persons so employed by or on behalf of the state, or any county, city, township or other municipality, and laborers, workmen, mechanics, or other persons employed by contractors or sub-contractors in the execution of any contract or contracts with the state, or with any county, city, township, or other municipality thereof, shall be deemed to be employed by or on behalf of the state, or of such county, city, township, or other municipality."

Section 3759 provides for a penalty for the violation of this law in any form, not less than $50 nor more than $500, or by imprisonment for not less than three months nor more than six months, and provides that each day such violation continues shall constitute a separate offense.

The defendants in error say that the demurrer to the information was properly sustained for the following reasons:

(1) That the city of Pawhuska is a city of the first class and has a special charter form of government, and that the general laws of the state of Oklahoma have no application to the construction of public utilities in such a city, and that the construction of the sewer in question was a municipal improvement in which the state had no interest.

(2) That the statute under which this case was brought is unconstitutional and void because it tends to impair the obligation of contracts and interferes with the freedom of contracts between individuals.

(3) That the statute is void because the title of the act is insufficiently set forth to describe its contents, as provided by the Constitution.

(4) That this prosecution was predicated upon a proviso contained in the section of the statute quoted, and that this proviso had no application to the facts set out in the information.

The demurrer interposed was a general demurrer, to the effect that the facts stated were not sufficient to constitute a public offense. The court, in stating his reasons for sustaining the demurrer, quoted the second proviso of the statute, and, among other things, made the following observations:

"It is not the legitimate office of a proviso to enlarge the amendment to which it is appended, neither does it create

a new right, its office being to limit and restrain the preceding clauses and cannot be held to enlarge such an act. It is argued by defendants that the entire bill is unconstitutional because the same is vague and uncertain, and, further, for the reason that it destroys the rights and takes away the liberty and freedom of citizens and confiscates their property. This contention is not well founded, the subject under consideration being the measure of a commodity, to wit, a day's labor and what constitutes the same.

"In the light of the decisions referred to, I find that the section of the statutes upon which this information is founded has for its purpose, primarily, to define a labor day, or a day in labor, as measured in terms of time, and especially overtime, and does not destroy the rights of an individual citizen to contract to perform labor for that particular time, and therefore the information does not state or set forth facts sufficient to show a violation of any law."

We think there is no merit in the claim that the state has no interest in regulating the wages of labor or the hours of labor affecting employment in the installation of a municipal sewer system in a city having a special charter form of government. The police power is an inherent attribute of state sovereignty, under which the state may establish wholesome and reasonable laws and regulations designed to promote the good order and general welfare of its subjects.

There is no inherent police power in municipalities to enact police regulations. Municipalities have only such police power as is delegated to them by general laws and by special charters. 19 R. C. L. Municipal Corporations, § 108. There is no delegation of this power, express or implied, to the city of Pawhuska in the Constitution or the general laws of this state. Section 3 of article 18 of our Constitution provides that special charters shall be consistent with and subject to the Constitution and laws of this state. The regulation of the hours of labor is a state function, designed to promote the general

welfare of all the people of the state, which has not been and possibly cannot be delegated to a municipality. A municipality is a creature of the state, exercising delegated powers only, and cannot, under our Constitution, arrogate to itself governmental powers in conflict with the general laws and fixed policies of state government. Keefe v. People, 37 Colo. 317, 87 Pac. 791, 8 L. R. A. (N. S.) 131; 19 R. C. L. Municipal Corporations, § 35, 36, 39.

It is next urged that the act is unconstitutional, in that it impairs the obligation of contracts and interferes with the freedom of contracts between individuals. In construing a statute almost identical with our statute, the United States Supreme Court held in Atkin v. Kansas, 191 U. S. 207, 24 Sup. Ct. 124, 48 L. Ed. 148, that it was within the power of a state to enforce such a regulation, and that it did not impair the obligation of contracts or interfere with any constitutional right. There is a well-considered New York case to the same effect on this subject (Ryan v. State, 177 N. Y. 271, 69 N. E. 599). Our own court, in Byars v. State, 2 Okla. Cr. 481, 102 Pac. 804, Ann. Cas. 1912A, 765, has spoken in no uncertain terms, in an exhaustive opinion written by Presiding Judge Doyle holding that this statute is valid and in no way infringes upon the provisions of the Constitution. The fourth syllabus of this opinion is as follows:

"It is within the power of a state, as guardian and trustee for its people and having full control of its affairs, to prescribe the conditions upon which it will permit public work to be done on behalf of itself, its counties, cities or other municipalities. In the exercise of these powers, it may by statute provide that eight hours shall constitute a day's work for all laborers employed by or on behalf of the state or any of its municipalities, and make it unlawful for any one thereafter contracting to do any public work to require or permit any laborer to work longer than eight hours per day, and require such contractors to pay the current rate of daily wages."

Since these decisions were rendered the general trend of legislation and judicial decisions in the several states has been in the same direction, so that this contention is no longer an open question. The courts now almost uniformly recognize the right to regulate the hours of labor and make reasonable regulations affecting compensation for labor, as a proper exercise of the police power of the state. Norris v. City of Lawton, 47 Okla. 216, 148 Pac. 123; Stettler v. O'Hara, 69 Or. 519, 139 Pac. 743, L. R. A. 1917C, 944, 950, Ann. Cas. 1916A, 217; State ex rel. v. Howell, 85 Wash. 281, 147 Pac. 1162; Malette v. City of Spokane, 77 Wash. 205, 214, 137 Pac. 496, 51 L. R. A. (N. S.) 686. 695, Ann Cas. 1915D, 225; note, 24 L. R. A. (N. S.) 202; note, Ann. Cas. 1912A, 765; State v. Bunting, 71 Or. 259, 269, 139 Pac. 731, L. R. A. 1917C, 1162, 1166, Ann. Cas. 1916C, 1003; note, Ann. Cas. 1912D, 393; 16 R. C. L. Labor, § 48, and citations under note 18; also sections 66 and 68, Id.

The title of this act is as follows:

"An Act prescribing the condition upon which public work shall be done in behalf of the state or its municipalities; prescribing penalties for violation thereof and declaring an emergency."

It is urged that the title of this act fails to sufficiently indicate the contents of the act as recited in the text. All that is required to comply with our constitutional provisions on this subject is that the title shall indicate, in a general way, the subject and purpose of the act, and, according to this rule, this title is sufficient. City of Pond Creek v. Haskell, 21 Okla. 711, 97 Pac. 338; Insurance Co., etc., v. Welch, 49 Okla. 620, 154 Pac. 48, Ann. Cas. 1918E, 471; State v. Howard, 67 Okla. 289, 171 Pac. 30; Okla. City Land & Development Co. v. Hare, 66 Okla. 190, 168 Pac. 407.

From the reasons recited in the court's order sustaining the demurrer, it seems that the court construed the act to mean

that the current per diem wage referred only to instances where the laborer, in cases of emergency, was required to work in excess of eight hours per day. This, it seems to us, is a strained construction of its provisions, and one not warranted by any rule of statutory construction. A proviso or an exception in a statute is often used to exclude some ground of misinterpretation of it and is often employed, out of abundant caution, to explain the general words of the enactment and to guard against a possible construction that was not intended. Frequently, and we think in this case, the word "provided" is equivalent to the word "and," and extends rather than limits the meaning of the act. The prime object of all rules of statutory construction is to carry out the legislative intention, and it would amount to an absurdity to hold, construing this statute as a whole, that the Legislature intended to prescribe the rate of wages only for overtime work. 25 R. C. L., Statutes, §§ 222, 231.

DOYLE, P. J., and MATSON, J., concur.

### On Rehearing.

PER CURIAM. It is contended on rehearing that the statute is void for uncertainty, in that the word "locality" must have in its practical application a relative and variable meaning, so indefinite that it is impossible to determine how much territory is or should be embraced by the phrase "in the locality where the work is performed."

The word "locality," considered in a common-sense way with the context and the purpose of the act, is no more difficult of construction than multitudes of other words and phrases upheld by the courts in the administration of criminal law. There are many legal terms that cannot be defined with mathematical certainty, such as "culpable negligence," "reasonable doubt," "felonious intent," and "res gestae."

These and other terms must be construed in their common and ordinary significance, as they reasonably apply to the subject or object to which they relate. "Locality," as used here, is equivalent to "place," "near the place," "vicinity," or "neighborhood." Hart v. Atlantic Coast Line, 144 N. C. 91, 56 S. E. 559, 12 Ann. Cas. 706; Brazier v. Philadelphia, 215 Pa. 297, 64 Atl. 508, 7 Ann. Cas. 548; Babcock v. Hahn, 175 Mo. 136, 75 S. W. 93, Town of Grove v. Haskell, 24 Okla. 707, 104 Pac. 56; Landis v. Thos. Milville Gas Light Co., 72 N. J. Eq. 347, 65 Atl. 716; volume 3, Second Series, Words and Phrases, 587.

The question here presented is not similar to the one involved in the case of Street v. Varney Elec. Co., 160 Ind. 338, 66 N. E. 895, 61 L. R. A. 154, 98 Am. St. Rep. 325, relied upon by petitioners. In the Varney Case the court said:

"The act of March 9, 1901, undertakes to fix the minimum rate of compensation to be paid to a particular and limited class of laborers employed upon any public work of the state, counties, cities and towns, without regard to the actual value of such labor, or the rate paid by other persons, natural or artificial, for the same kind of labor in the same vicinity."

The statute here in question avoids this vice. It provides that the same wages shall be paid as are paid for like labor in that vicinity. There is nothing inherently difficult about ascertaining whether there is an established current wage for like labor in any locality. If there is no similar labor being performed in any particular locality, then the contractor is at liberty to contract as he pleases; otherwise, he must conform to the established wage scale in that locality as defined above.

In the case of Atkin v. Kansas, decided by the Supreme Court of the United States, 191 U. S. 207, 24 Sup. Ct. 124, 48

L. Ed. 148, the court construed a statute with identical provisions and sustained its validity, where it was stipulated as part of the facts that the work done was in all respects the same as that done for private persons, firms, or corporations in Kansas City, Kan. While the court made no comment concerning the meaning of the word "locality," or concerning the character of the work, we assume that it considered both sufficiently definite under the agreed statement of facts.

Since this is an appeal upon a question of law, by the state, and no order was made in the trial court to hold the defendants, the dismissal below became final, so that as to the petitioners no further orders can be made affecting them.