ADDIE ACHEY, Appellee, v. CITY OF MARION, Appellant.

**Sidewalks:** EVIDENCE: CHANGE OF WALK. In an action for injury
1 from an improperly constructed sidewalk, negligence on the part of a city cannot be proven by showing a change in the walk subsequent to the injury, yet if such evidence is competent for other purposes, it will not be discredited because incidentally disclosing such change.

**Same.** Where the defendant in an action for a sidewalk injury intro-
2 duced photographs of the place of accident, it was competent for plaintiff on rebuttal to show changes in the walk between the time of the accident and the taking of the photographs.

**Instructions:** FUTURE PAIN AND SUFFERING. Where there was evi-
3 dence that at the time of the trial plaintiff was suffering pain from the injury, an instruction that the jury should allow such damages on account of the future pain and anguish as the evidence warranted, was correct, although the injury was not shown to be permanent.

**Refusal of instruction.** Where the negligence charged was the im-
4 proper construction of a sidewalk and the evidence tended to support the allegation, it was not error to refuse an instruction relating to negligence in failing to repair.

**Negligence:** EVIDENCE. In an action for injuries from an abrupt ap-
5 proach from a street crossing to the sidewalk, the evidence of the city's negligence is reviewed and held sufficient to take the case to the jury.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

Friday, November 18, 1904.

Action to recover damages for a personal injury. Plaintiff alleges that Thirteenth street is one of the public thoroughfares of the defendant city, and is paved with asphalt. She claims that about July 1, 1902, the defendant carelessly and negligently erected, and thereafter, and down to the time of her alleged accident and injury, maintained, a wooden approach from the street paving on said street to the west curb thereof; that said approach was about five feet in length, the west end resting upon the curbstone, and the east end resting upon a piece of timber four inches square, which, in turn, rested upon the top of the street paving. She further says that 'on the night of July 30, 1902, while she was walking across Thirteenth street from the east toward said approach, she struck her foot against the street end thereof, causing her to fall violently upon the platform of said approach; that no light had been provided at the crossing of said street, and that she did not see said approach, or know of its existence; that her fall was without negligence on her own part. She then alleges bodily injuries, pain, and mental anguish as a result of such fall. The defendant denied generally. From a verdict and judgment in favor of plaintiff, the defendant appeals.— *Affirmed.*

*Voris & Haas,* for appellant.

*F. L. Anderson* and *Smith & Smith,* for appellee.

Bishop, J.— I.. Appellant complains of errors alleged to have been committed in connection with the introduction of the evidence, and we notice such thereof as are presented in argument. Mrs. Jack, a witness for plaintiff, having testified that she lived on the corner of Thirteenth and the intersecting street, said that the approach in question was put in some

1. Evidence: change in walk.

time in July, and that it remained there two or three weeks. She then said that the husband of plaintiff called upon her, and told her of the injury to his wife; that at the time of such call the approach had been taken down. She was then interrogated as to the time it was taken down with reference to the time plaintiff was said to have been injured, and she was allowed to answer over the objection of defendant. We think that in this there was no error. Evidently plaintiff was seeking to prove by the witness that she was familiar with the original construction of the approach, that it was dangerous, and that the danger continued down to and after the accident complained of. That such was proper there can be no doubt. While it is not competent to prove negligence on the part of a city by showing changes or repairs in a sidewalk made subsequent to an alleged accident, yet it does not follow that evidence otherwise competent must be rejected because incidentally it may be made to appear that a change had subsequently taken place. In this case the prejudice, if any there was, could have been corrected by an instruction; but none was asked on the subject. What has just been said has equal application to the evidence of J. F. Jack and George Bowman, objected to for a like reason.

Plaintiff, in rebuttal, also introduced several witnesses to testify as to changes in the approach made after the alleged accident, and they were allowed to testify over the objections of defendant. As defendant, in making out its case, had introduced in evidence photographs of the street showing the approach, it was competent for plaintiff to show in rebuttal what, if any, changes had taken place or had been made between the time of the accident and the time of taking the photographs. We understand this was the purpose of the evidence objected to, and we think it was proper.

2. SAME.

II. In the eighth instruction the court told the jury that, if plaintiff was found entitled to recover, " you will allow her  *  *  *  for all such pain and anguish you find

from the evidence it is reasonably certain she will suffer in the future." Of this instruction appellant

**3. INSTRUCTIONS: future pain and suffering.** complains, and for the reason that there was no evidence making it reasonably certain that the plaintiff's injuries were permanent. Evidently counsel for appellant have misconceived the purpose and scope of the instruction. As we read it, it assumes that there may be a finding that pain and suffering on the part of plaintiff will continue for some time into the future. It does not submit the question of permanency of injury, nor was such question otherwise submitted. In her petition the plaintiff alleges not only past and present pain and suffering, but that such will continue in the future, and there was evidence tending to prove that at the time of the trial plaintiff still suffered from her injuries, and that she would continue to so suffer for some time in the future — whether permanently or not, the physicians who testified could not answer. Such evidence, in view of the issues, warranted the instruction as given. *Bailey v. Centerville,* 108 Iowa, 28; *Jordan v. Railroad,* 124 Iowa, 177; *Railroad v. Jones,* 49 Fed. Rep. 343 (1 C. C. A. 282). The cases of *Shultz v. Griffith,* 103 Iowa, 150; and *Van Bergen v. Eulberg,* 111 Iowa, 139, are not in point. In neither of those cases did the damages claimed have any reference to the future.

III. The defendant requested that the jury be instructed that the plaintiff could not recover " unless you find from a preponderance of the evidence that the said street had

**4. REFUSAL OF INSTRUCTIONS.** been unsafe for such a length of time prior to the date of the injury that the officers of the city, in the exercise of reasonable diligence, should have known thereof." The request was refused, and in the fifth instruction the jury was told, in substance, that it was the duty of the city to construct and maintain the approach in a reasonably safe condition, etc., and that, if it had not done so, it might be held liable. In this there was no error. The negligence charged was improper construction and mainte-

nance, not a want of repair.   The evidence tended to support
the allegation, and the court rightfully submitted the case as
made.    Weber v. Creston, 75 Iowa, 16; Ford v. Des Moines,
106 Iowa, 94.

IV.   Appellant insists that a case of actionable negli-
gence was not made out.   That the approach was built by
the city appears without conflict.   The evidence tends to
show that such approach was about five feet in width, and
extended out into the street on the line of a regular crossing
thereof; that the street end of the same presented an abrupt

5. NEGLIGENCE:    elevation of five or six inches above the surface
    evidence.      of the pavement; that no light was maintained
at the crossing, and that in the darkness the existence of the
approach was not discernible.   Surely, this was sufficient
to entitle plaintiff to have the question of negligence sub-
mitted to the jury.   It may be true, as shown by defendant,
that it was an easy step from the pavement up on the ap-
proach, but this presupposes knowledge of the existing condi-
tions.    The jury undoubtedly believed that in the case of a
traveler crossing the street in the dark, and ignorant of the
condition of the approach, it might be expected that an acci-
dent would happen in that his foot would be likely to come
in contact with the end of the approach.   The question
whether plaintiff was exercising proper care at the time was
also one for the jury, and was submitted under proper in-
structions.

V.   It is said that the verdict was excessive in amount.
This point was urged in a motion for new trial made to the
court below, and which was overruled.   We cannot say that
there was an abuse of discretion.   At the time of her injury
plaintiff was pregnant, and it was necessary for her to remain
in bed until the birth of her child, some two months later,
and for a considerable period of time thereafter.   The char-
acter and extent of her injuries, and the pain and suffering
endured by her, and the consequences reasonably to be ap-

prehended in the future, are all such as that the action of the trial court may very well have found justification.

As one of the grounds of damage, however, plaintiff claimed for expenses paid out for medical attendance and treatment in the sum of $75, and such element of damage was submitted to the jury. It is now conceded by counsel for plaintiff that she was not entitled to recover on such ground, and the offer is made to remit from the judgment as rendered the said sum of $75. Accordingly, the judgment should be reduced by that sum, and, upon the cause being remanded, the judgment entry will be so modified. In all other respects the judgment is right, and it is *affirmed*.