MYERS MEDLIN et al. v. ELMIRA SIMPSON et al.

(Filed 16 April, 1907).

1. **Parties—Plaintiff and Defendant in Same Action—Harmless Error.**—While it is irregular for one to be both a plaintiff and a defendant in the same action, and as defendant challenge a juror passed by the plaintiffs over the objection of his co-defendants, it is harmless error when it does not appear that defendants' peremptory challenges were exhausted.

2. **Evidence — Declarations of Deceased — Withdrawn — Harmless Error.**—Error in the admission of evidence is cured by the trial Judge withdrawing such evidence from the jury and instructing them not to consider it.

3. **Evidence—Executors—Declarations of Deceased—Transactions and Communications—Revisal, Sec. 1631.**—Revisal, sec. 1631, concerning transactions and communications with dead persons, does not prohibit testimony of the executor in favor of the deceased legatee of his testator; witness may testify to declarations made by the deceased legatee in her own favor in the presence of the devisor.

4. **Same.**—An executor is not prohibited by the statute, Revisal, sec. 1631, from testifying that perishable property was sold as that of a legatee and improperly credited to the estate of his testator by him in his annual account.

5. **Personal Property—Perishable—Bequest for Life.**—That part of the personal property bequeathed to legatee for life which is perishable, in the using becomes hers absolutely.

6. **Executors—Annual Account—Error—Final Account—Correction.** In a petition by executors for final settlement of testator's estate, it is competent for them to correct their annual account to show that items appearing of credit therein were erroneous.

SPECIAL PROCEEDING for the settlement of the estate of Erwin Medlin, heard before *Moore, J.,* and a jury, at February Term, 1906, of the Superior Court of UNION County.

Erwin Medlin died in 1901, leaving a will in which he appointed his sons, Myers Medlin and John D Medlin, executors. His widow, Lydia P. Medlin, died in 1904, and Myers Medlin qualified as her administrator. Under the will of Erwin Medlin all his personal property went to his widow, Lydia P. Medlin, during her life or widowhood, and at her death it was to be sold and the shares of the daughters first made equal to the shares advanced to Myers and John D. Medlin, and the balance equally divided among the children, except Ellis and LeQueen.

The executors of Erwin Medlin filed several annual accounts, and on 20 December, 1904, filed their final account, and at the same time filed before the Clerk their petition for a final settlement of the estate. In their first petition for a settlement they allege that the balance on hand for distribution belonging to the estate of Erwin Medlin is $3,365.93; but later they filed an amended petition alleging that a mistake had been made in the first petition, and alleging that certain personal property of the value of $131.67, which was bequeathed to the said Lydia P. Medlin for life or widowhood, was such property as could only be used in its consumption, and for that reason it belonged absolutely to the said Lydia P. Medlin; and also alleging that the next of kin of Lydia P. Medlin claimed the sum of $1,209.45 as

belonging to her estate, and that this item had been incorrectly placed in the estate of Erwin Medlin.    Upon issues raised by the petitions and answers thereto the cause was transferred to ·the Superior Court at term time for trial. From a judgment for plaintiffs, defendant appealed.

*Lorenzo Medlin* for plaintiffs.
*Adams, Jerome & Armfield* for defendants.

CLARK, C. J.    It was certainly irregular for Myers Medlin, as administrator of Lydia, to be one of the defendants in an action brought by Myers Medlin and J. D. Medlin, executors of Erwin Medlin.    Myers Medlin, in both capacities, should have been placed on the same side.    It was certainly still more unusual for Myers Medlin, administrator, as one of the defendants, to challenge a juror who had been passed by the plaintiffs, and over ·the objection of the other defendants, who were content with the juror.    Still it does not appear that their peremptory challenges were exhausted by the other defendants nor that any one sat upon the jury to whom the defendants, appellants, made any objection.    It has been often held·that the right of challenge is a "right to reject, not a right to select."    *State v. Gooch,* 94 N. C., 1007; *State v. Register,* 133 N. C., 750; *Ives v. Railroad,* 142 N. C., 137, and cases there cited.    Both these errors are harmless.    If instead of moving to strike out Myers Medlin, administrator of Lydia P. Medlin, as a party defendant, the motion had been to transfer and make him a plaintiff, this should have been granted.

There were exceptions to the admission of testimony as to declarations of Lydia P. Medlin, but the error,.if any, was cured by the Judge, who, in his charge, withdrew the testimony excepted to and instructed the jury not to consider it in any way.    *Wilson v. Manufacturing Co.,* 120 N. C., 95,

and numerous cases there cited; *State v. Ellsworth,* 130 N. C., 691; *Moore v. Palmer,* 132 N. C., 976; *State v. Holder,* 133 N. C., 712.

As to the other exceptions: It was competent for J. D. Medlin to testify that the perishable property was sold as the property of Lydia P. Medlin, and that the $1,209.45 belonged to her. Nor was he prohibited by Revisal, 1631 (Code, 590), from testifying as to personal transactions and communications between her and himself and brother, the executors of Erwin Medlin, for he was not testifying against her interest. Nor was Myers Medlin incompetent to testify to above because he was also administrator of Lydia P. Medlin, for under the last clause of that section this would merely have rendered it competent for any person claiming adversely to prove personal transactions or communications of Lydia P. Medlin concerning the same matter of a contrary nature. *Bunn v. Todd,* 107 N. C., 266. There was no error in permitting witnesses not parties to the action to testify as to declarations of Lydia P. Medlin, in the presence of her husband, to show her accumulation and ownership of the $1,209.45. There is no error in the charge of which the defendants can complain. The special prayer asked was good in part, but properly refused because it asked an instruction that the perishable part of the personal property did not become the absolute property of the wife, as devisee, for life, of all the personalty, nor is there any error in adjudging the costs against the defendants.

The fact that the plaintiffs, executors of Erwin Medlin, had in their annual accounts returned as part of the assets of the estate the two items, $131.67 and $1,209.45, did not estop them in filing their petition for a final settlement to allege that they had unadvisedly included these sums and that they were not, in fact, any part of the assets of their testator, but

were the property of his widow, which had come·to the hands of Myers Medlin as her agent and not as one of the executors of his father's estate.    That Myers Medlin had a greater interest as next of kin of his mother did not affect the legal right to make the correction if the allegation was proven.

Issues were submitted to the jury as to both items, who found that both items were the property of Lydia P. Medlin, and judgment sustaining the petition was properly entered in accordance with such findings.

No Error.