PEARL AIKEN v. RHODHISS MANUFACTURING COMPANY.

(Filed 11 December, 1907).

1. Negligence—Employer and Employee—Safe Place to Work—Instructions.

   Action for personal injuries received by plaintiff in falling a distance of 18 feet from a platform 6 by 14 feet, whereon he was required to help move some skids, with the defendant's man in charge. While holding one end of the skid and walking backwards, the plaintiff's feet slipped on the platform, wet with a rain 'that had just fallen, and he fell, thus causing the injury. There was evidence that the platform was too narrow for the height and had no banisters—that it was not built right: *Held*, there was sufficient evidence that the defendant employer had failed to provide a reasonably safe way for the plaintiff to perform the service required of him, and it was proper for the court below to refuse to allow the defendant's motion as of nonsuit.

2. Same—Safe Place to Work—Employer and Employee—Assumption of Risk—Knowledge of Employer.

   Under proper evidence, it was not error in the court below to charge the jury "that the plaintiff will not be deemed to have assumed the risk growing out of the failure of defendant, his employer, to provide railings for a platform from which plaintiff was injured in falling, unless the danger arising from such defect was obvious and so imminent that no man of ordinary prudence, and acting with such prudence, would have incurred the risk of doing the work," when the evidence disclosed that, though the work was dangerous, the plaintiff had not, for any appreciable length of time, known of the platform or used it without the railings.

3. Same—Assumption of Risk—Evidence—Employer and Employee—Age of Employee.

   When the evidence shows that the plaintiff was about sixteen years of age and was required to do certain work in such manner as to make the danger obvious in so doing, and that the plaintiff had not known of or used the dangerous place for any appreciable length of time, it was proper for the Judge to charge the jury to consider any evidence tending to show that he was a youth and inexperienced, and to answer the issue as to the assumption of risk in the negative.

4. Same—Evidence—Safe Place to Work—Subsequent Construction.

   In an action for damages arising out of the negligent failure of defendant to provide railings for a platform from which plaintiff

fell and was injured while working in the course of his employ-
ment, it was error in the court below to admit evidence that, since
the injury, the defendant had caused the railing to be provided
for the platform, when the complaint alleges that the platform
"was constructed" and negligently left without the railing.

CIVIL ACTION, tried before *Guion, J.,* and a jury, at June
Term, 1907, of the Superior Court of BURKE County.

Action for damages for personal injury sustained by plain-
tiff while in the employment of defendant corporation. Plain-
tiff, about sixteen years of age, while in the discharge of his
duties as employee of defendant company, fell from a plat-
form 6 feet wide, 14 feet long and about 18 feet from the
ground. The platform extended from a door in the cloth
room, leading to a side track of the railroad at a point oppo-
site a short platform of similar width extending from the
cloth or store room by skids or pieces of plank or lumber laid
across from one to the other, and then taken up, so as to leave
the side track clear. The alleged negligence consisted in the
failure of defendant to furnish a safe way to plaintiff, in that
there was no railing or banister on the side of the platform to
protect employees and prevent them from falling. Plaintiff
testified that he was in the employment of defendant a week
before the injury; that he was away from the mill a week and
returned to work. The door was made by cutting down a
window and building a platform or gangway therefrom. This
was done while plaintiff was at home. He was hurt the first
day he returned to work. When he returned to the mill the
morning he was injured he passed over the gangway and went
into the door. It was then dry; it rained after he got to the
mill. He thus describes the manner in which he was injured:
"Mr. Christopher Rhodes was in charge. He called me out
to lay some skids back. It had rained after I had gone into
the room. He called me to move skids. The platform was
wet. He went to end towards warehouse and told us to
move skids; so we picked up one and Rhodes the other. We
moved it back towards the mill; my back was towards the

mill; I was walking backwards towards the mill, about midway of gangway. My feet slipped and I fell off; nothing to make my feet slip, only it was wet; planks were wet. When my feet slipped I went off gangway 15 or 20 feet to the ground. I was unconscious for a few minutes." The remainder of his testimony related to the manner and extent of the injury.

Doc Aikens, a witness for plaintiff, testified that he helped to build the platform. "It was not built right. I built it the way they told me. It was too narrow for the height and had no banisters. * * * They haul cloth over it—not cotton." He was asked by plaintiff whether or not a railing had been built around the platform since the accident. The court admitted the question and answer over defendant's objection. Exception. Witness said there was a railing around the platform, which he described. The same question was asked another witness and admitted over defendant's objection. He said: "There has been a change—a railing put around each side." Defendant excepted.

Defendant introduced evidence tending to show that the injury was caused by plaintiff's own negligence. It also pleaded assumption of risk.

The court submitted the following issues:

"1. Was plaintiff, Pearl Aiken, injured by the negligence of defendant, as alleged?

"2. Did plaintiff, by his own negligence, contribute to the injury?

"3. Was there an assumption of risk on the part of plaintiff?

"4. What damage has plaintiff sustained?"

At the close of the entire evidence defendant moved for judgment of nonsuit. Motion denied and defendant excepted. Defendant requested the court to instruct the jury that there was no evidence showing actionable negligence. The court refused and defendant excepted.

The court, at plaintiff's request, instructed the jury: "It was the duty of the defendant company to furnish a safe place or platform for Pearl Aiken where it required him to work, and if the defendant required him to move planks or skids along an uncovered platform, it was its duty to so construct it as to render it reasonably safe for said Pearl Aiken to perform any labor which it or its vice-principal commanded and required him to perform on said platform." Defendant excepted.

The court, at the request of the plaintiff, instructed the jury: "The plaintiff, Pearl Aiken, will not be deemed to have assumed the risk growing out of the failure of the defendant to provide such railing and safeguards as described above along the margin of said platform, unless the danger arising from such defect was obvious and so imminent that no man of ordinary prudence, and acting with such prudence, would have incurred the risk of assisting Christopher Rhodes to remove the skids or planks along said platform, and the burden is upon the defendant to show that Pearl Aiken voluntarily assumed the risk incident to the conditions surrounding him; and it is not enough to make good this defense to show merely that he worked on, knowing the danger, but it is necessary for such purpose for the defendant to show that the construction of said platform was so grossly and clearly defective that the employee, Pearl Aiken, must have known of the extra risk and have voluntarily and knowingly assumed it, [and it is the duty of the jury, in passing upon the question whether Pearl Aiken voluntarily and knowingly incurred an imminent risk of injury growing out of the condition of the platform when he was working upon it, to consider any evidence tending to show that he was a youth and inexperienced, and the jury would find accordingly in passing upon the issue submitted, and would respond to the third issue 'No.']" To so much of the foregoing instruction as is embraced in brackets the defendant excepted.

There were several instructions in regard to the alleged contributory negligence of plaintiff.     They are noted in the opinion.     There was a verdict for plaintiff.     Judgment and appeal.

*Avery & Avery* and *Self & Whitener* for plaintiff.
*Avery & Ervin* for defendant.

CONNOR, J., after stating the case: We concur in his Honor's ruling on the motion for judgment of nonsuit.   There was ample evidence of negligence on the part of defendant in failing to provide a reasonably safe way for plaintiff to perform the service required of him.    The failure to provide the platform or gangway with a railing approaches very closely to negligence *per se;* it clearly justified the jury in finding that it was dangerous.   We also concur with the instruction given in regard to the alleged assumption of risk.   If the plaintiff had for any appreciable length of time used the platform without the railing, the danger was so obvious that we would be compelled to hold that he was barred of recovery. In view of the peculiar circumstances under which the injury was sustained, the age and inexperience of plaintiff, we are of the opinion that his Honor correctly instructed the jury in that respect.   We are constrained, however, in view of the decisions of this Court and the almost uniform opinion of text writers based upon decisions of other courts, to order a new trial, by reason of the error committed in admitting the evidence of the change made in the platform after the injury was sustained by plaintiff.   In *Lowe v. Elliott,* 109 N. C., 581, it is plainly held that such evidence is incompetent, and the reasons therefor stated by *Shepherd, J.*   This case was cited and approved in *Myers v. Lumber Co.,* 129 N. C., 252. While it is said in *Lowe v. Elliott, supra,* that there may be peculiar cases in which such testimony is admissible, we find nothing in this record taking the case out of the general rule. It was suggested that the testimony was competent to show

that the platform was unfinished at the time of the injury, thereby making, the negligence of defendant consist in directing the plaintiff to work on it in an incomplete, unfinished condition.   A careful examination of the pleadings and the evidence fails to sustain the suggestion.   The complaint alleges that the platform "was constructed," etc., and that defendant had negligently and carelessly left the said gangway without banisters.   The plaintiff's witness, Doc Aiken, built the platform and testified in regard to its construction.   He made no suggestion that it was unfinished.   It is impossible for us to conjecture how much weight the jury attached to the fact that the railing was placed on the sides after plaintiff was injured, and in this condition of the case we have no other course open to us than to direct a

New Trial.