SARAH C. SAMPLE, Admx., Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed April 23, 1908.*

1. RAILROADS—*a person is not required to approach crossing at right angle.* A teamster has a right to cross a railroad at a street crossing in any direction he sees fit, provided he uses ordinary care in doing so; and in such case his right to recover for an injury received from his wagon wheel dropping into a chuck hole does not depend upon whether he approached the crossing at a right angle or otherwise.

2. SAME—*necessary width of a crossing depends upon circumstances.* The question of what width a street crossing over a railroad shall be made depends upon the reasonable demands of the traveling public, the extent to which the crossing is used, and other circumstances, but it must be such as to make the crossing suitable and sufficient for the purpose for which it is intended.

3. EVIDENCE—*when evidence that hole was filled after accident is admissible.* Where the defendant railroad company introduces in evidence a photograph of a railroad crossing which it is claimed shows the condition of the crossing at the time of the accident, the plaintiff is entitled to prove the fact that the hole which caused the accident had been filled up.

4. APPEALS AND ERRORS—*general objection that court erred in giving and refusing instructions is not sufficient.* A general objection that the court erred in giving and refusing instructions does not require the consideration of a court of review, where no attempt is made to point out the errors or imperfections in the instructions given or to show the applicability to the evidence of the instructions refused.

5. SAME—*question of variance cannot be first raised on appeal.* The question of variance between the allegations and proof cannot be raised on appeal where it was not raised on the trial nor mentioned in the written motion for a new trial.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the City Court of Litchfield; the Hon. PAUL McWILLIAMS, Judge, presiding.

CREIGHTON & GASAWAY, (CHESTER M. DAWES, of counsel,) for appellant.

HARRY C. STUTTLE, L. V. HILL, and AMOS OLLER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Cummings street, in the city of Litchfield, runs east and west and is crossed by four tracks of the appellant, the Chicago, Burlington and Quincy Railroad Company. The east track is the main track, and the west track, about seventy-five feet distant, is a Y-track connecting appellant's railroad with another railroad. Between these tracks are two switch tracks leading into glass works south of and adjoining the street. On October 4, 1905, Henry L. Sample, a teamster, was hauling cinders from the glass works, and after loading his wagon drove out of the glass works into the street on the west switch track. He drove along on the switch track to the main traveled part of the street, where the appellant had provided a crossing over its tracks. When the team came upon the crossing he turned east to drive along the street. On the east side of the track there was a chuck hole, into which the right front wheel dropped, throwing Sample off from the wagon and killing him. He left the appellee, his widow, and three children. The appellee, as administratrix of his estate, brought this suit in the city court of the city of Litchfield to recover damages for his death, and charged appellant with negligence in permitting the existence of the hole in the crossing. The plea was the general issue, and the jury returned a verdict for $5000. The plaintiff remitted $1500 from the damages assessed by

the jury, and the court, after overruling motions for a new trial and in arrest of judgment, entered judgment for $3500 and costs. An appeal was taken to the Appellate Court for the Third District, and that court affirmed the judgment, and this further appeal was prosecuted.

The defendant asked the court to direct a verdict of not guilty, which the court refused to do, and the refusal is assigned for error. The evidence for the plaintiff was, that the crossing was from fourteen to sixteen feet wide; that there had been some planks next the rails which were worn out and the crossing was filled with cinders; that there was no plank on the east side of the east rail; that there was a hole on the east side of the crossing about two feet wide, three feet long and from fourteen to eighteen inches deep; that the hole had been there from six to eight months; that the superintendent of streets of the city of Litchfield had informed the section foreman of the defendant of its condition, and that Sample, who was standing on his load, was thrown to the ground by the wheel dropping into that hole. There could be no doubt whatever of the culpable negligence of the defendant with respect to the crossing, either from this testimony or from any evidence in the case, nor that the hole was the proximate cause of the death of Sample. The argument that the court ought to have directed a verdict is on the ground that Sample himself was guilty of negligence as a matter of law, and is based solely on the fact that he did not approach the crossing at right angles, but came upon it from along the switch track and attempted to turn upon the crossing. The statutory duty is to construct and maintain crossings so that at all times they shall be safe as to persons and property, and it is plain that this crossing was a dangerous one even for teams crossing it at right angles. Sample, however, had the right to cross it in any direction he saw fit,—lengthwise, crosswise or in any other way,—provided he used ordinary care in doing so. It is immaterial where he came from or what he did before

he reached the crossing, and when he came upon it he had a right to a safe crossing and to turn as he attempted to do, to drive along the street. The court could only take the issues of fact from the jury in case the averment of reasonable care on his part was unsupported by any evidence, and that averment was not only supported by evidence but there was no evidence tending to prove the contrary. The court did not err in refusing to direct a verdict.

Complaint is made of the admission of evidence on the part of the plaintiff that the hole was filled up after the accident. This evidence would not have been competent for the purpose of proving an implied admission of negligence by the defendant, (*Howe* v. *Medaris,* 183 Ill. 288,) but it was competent for the purpose of disproving the correctness of a photograph of the crossing. The controversy related to the condition of the crossing at the time of the accident, and photographs are admissible in such cases where the conditions have not been changed. (*Lake Erie and Western Railroad Co.* v. *Wilson,* 189 Ill. 89; *Chicago and Alton Railroad Co.* v. *Corson,* 198 id. 98.) Under that rule defendant produced and offered in evidence a photograph, alleging that it showed the condition of the crossing at the time of the accident, and plaintiff was permitted to prove by a number of witnesses that the photograph was not a true picture of conditions at that time, for the reason that the hole had been filled up.

It is next contended that there was a variance between the plaintiff's declaration and the proof in this respect: The declaration in the first count charged that Sample was in the act of driving over and across the crossing, and in the second, that after arriving at the crossing he was attempting to cross the same, while the proof showed that he drove upon the crossing longitudinally and then turned to the east upon it. That question was not raised on the trial nor mentioned in the written motion for a new trial, in which the defendant was bound to set forth all the grounds of the

motion. That question cannot be raised for the first time on appeal. *Alford* v. *Dannenberg,* 177 Ill. 331.

Counsel also say that the court erred in giving instructions numbered 1 to 7, inclusive, at the request of the plaintiff, and also erred in refusing to give instructions numbered 9 to 18, inclusive, as requested by the defendant, but they do not point out any ground of objection to the instructions given nor 'any reason why the refusal of the others was wrong. A general objection that the trial court erred in giving and refusing instructions, without pointing out in what the error or imperfection in the instructions given consisted or showing the correctness and the application to the evidence of the instructions refused, does not require consideration by the court. Counsel on the other side have a right to be informed of the grounds upon which it is claimed that the court erred and to be heard in reply, and we are entitled to the aid of argument on both sides. Counsel have no right to present a general objection and ask the court to search for reasons to sustain it or upon which to base a reversal. *Razor* v. *Razor,* 142 Ill. 375; *Brewer* v. *National Union Building Ass.* 166 id. 221.

It is next contended that the defendant was not bound to make a crossing the entire width of the street. The width must be such as to make the crossing suitable and sufficient for the purpose for which it is intended, and that must depend upon the reasonable demands of the traveling public, the extent to which the crossing is used, and other circumstances. (*City of Bloomington* v. *Illinois Central Railroad Co.* 154 Ill. 539.) That question, however, is not involved in this case. There is no charge in the declaration that the crossing was not wide enough and there was no issue at the trial on that subject. The negligence on which the action was based was the existence of the hole which caused the death of Sample.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*