GEORGE PEARSON, BY HIS NEXT FRIEND, v. HARRIS CLAY COMPANY.

(Filed 7 May, 1913.)

**Master and Servant—Negligence—Safe Place to Work—Cause Removed Since Injury—Contradictory Evidence—Instructions.**

> The plaintiff was employed by the defendant to go upon a trestle of a railroad, which it was building, to dump dirt, and his evidence tended to show that while so engaged he went upon a plank, put there for the purpose, which gave way with him, and he thereby received the injury complained of in his action to recover damages. There was also evidence that this plank was defective, and *per contra,* and defendant resisted recovery on the ground of an accident: *Held,* evidence was competent that the plank had been replaced and nailed down since the injury, as contradictory of the defendant's contention that the injury could not have occurred as plaintiff claimed, and the court having restricted its application to this phase of the case, and excluded its consideration upon the issue as to negligence, in the charge to the jury, there was no error.

APPEAL by defendant from *Cline, J.,* at November Term, 1912, of MITCHELL.

The plaintiff was employed by defendant to carry dirt in a dump car for the purpose of assisting in laying a railway. In order to do his work, he was required to go upon a trestle with his car to dump the dirt, and while engaged in doing so he

stepped upon a plank, laid upon the ties on the outside of the rail or on the outer edge of the trestle, which gave way with him, and he fell across the tie and was badly ruptured. There was evidence that the plank was defective. The plank was placed there for him and his coservants to stand on when doing their work. Plaintiff testified that "the plank was cross-grained and split off," letting him down on the cross-ties. There were only two issues submitted to the jury: one as to negligence and the other as to damages. It was not contended that plaintiff had been guilty of any contributory negligence. Verdict and judgment for plaintiff, and defendant appealed.

*John C. McBee and Pless & Winborne for plaintiff.*
*Charles E. Greene and Hudgins & Watson for defendant.*

WALKER, J., after stating the case: The defendant contended and introduced evidence to show that plaintiff was not injured in the manner stated by him, but that he had been ruptured before the time of the alleged occurrence. The plaintiff was permitted to testify, over defendant's objection, that when he returned to his work after the injury, "the plank had been either pulled back and fixed, or a new one put there." The defendant objected to this evidence, and argued here that it was incompetent as tending to show negligence of defendant, under *Lowe v. Elliott,* 109 N. C., 581; but the court carefully instructed the jury not to consider it in that view, and it was admitted only to show that plaintiff had been hurt in the way described by him, and for this purpose it was clearly admissible. *Dillon v. Raleigh,* 124 N. C., 184. The very point is decided in *Tise v. Thomasville,* 151 N. C., 281, where plaintiff was permitted to show that a hole into which he had fallen, as he had testified, had been filled up after the occurrence, not to prove negligence, but to contradict defendant's assertion that the hole was not there at the time of the alleged fall, it having been filled up. Besides, Charles Gilbert, the plaintiff's witness, testified that he had "put the plank back and nailed it," and there was no proof that the defendant had done it so as to imply an admission of negligence on its part. It was surely competent

to prove by Charles Gilbert that he had restored the plank and securely fastened it since the occurrence. It not only corroborated the plaintiff, who testified, in his own behalf, to the fact that the plank had been put back in its place and nailed, but it tended to show that plaintiff was injured in the manner described by him, contrary to the defendant's contention that the place was in such a safe condition that plaintiff could not have fallen upon the cross-tie as he alleges. The rule laid down in *Lowe v. Elliott* is a sound and wholesome one, and should be strictly enforced, but it was adopted to promote justice, not to defeat it, and there is no room in this case for its application. Defendants in negligence cases will not be permitted to avail themselves of the rule for the purpose of preventing a fair and full disclosure of pertinent facts, not tending to establish negligence. The only exception of the defendant upon which an assignment of error is based is to this evidence. Without any exception and assignment of error, it will not be heard to allege that there was no evidence of negligence or that the injury to the plaintiff was the result of unavoidable accident. *Jones v. High Point,* 153 N. C., 371, and cases cited.

We find no error in the ruling to which exception was taken. No error.