## J. FRANK BOGGS v. CULLOWHEE MINING COMPANY.

### (Filed 28 May, 1913.)

1. **Evidence—Depositions—Signing of Witness — Interpretation of Statutes.**

    Where a deposition is otherwise regular and identified, it should not be refused as evidence because it has not been signed by the witness whose testimony was being taken, this not being required by our statute, Revisal, sec. 1652.

2. **Master and Servant — Safe Appliances — Subsequent Repairs— Duty to Repair—Conflicting Evidence—Competency.**

    While the subsequent strengthening and repair of an appliance furnished by the master to the servant to do the work required of him is not, as a rule, competent upon the question of the negligence of the master in furnishing a defective or inadequate one, for which damages are sought, it is held competent upon the question as to whether it was the duty of the master to make such repairs, where this question is presented, and is properly admitted for that purpose.

APPEAL by defendant from *Ferguson, J.,* at May Term, 1912, of JACKSON.

Civil action to recover damages for personal injuries.

There was allegation, with evidence on the part of plaintiff tending to show that on 17 March, 1910, plaintiff, in the course of his duty as an employee of defendant, was engaged in operating a dump-car over defendant's tramroad, and received serious physical injuries by reason of a defective brake and brake rod on said car, and that the company had been notified that said brake and rod, etc., were defective and likely to cause injury.

There was evidence on the part of defendant tending to show that plaintiff, at the time, was doing the work by contract, and was charged with the duty of keeping the tools and implements in proper repair, and, further, that plaintiff had assumed the risk of the alleged defects, and, further, that he was guilty of contributory negligence in the way he did the work and operated the car.

On issues submitted, there was verdict for plaintiff. Judgment on the verdict, and defendant excepted and appealed.

*Walter E. Moore, Alley & Buchanan, and S. B. Shepherd* for plaintiff.

*Coleman C. Cowan for defendant.*

HOKE, J.  We have carefully examined the record, and find no reversible error.  The charge of the court on the different questions presented is in accord with our decisions, and, the jury having accepted the plaintiff's version of the matter, an actionable wrong is clearly established.

It was contended that the judge committed error in admitting for plaintiff a deposition of the witness H. A. Hein, when the witness had not signed the same.  It is desirable always that the witness should subscribe the deposition, but the statute does not seem to require this, and, on authority, this is held not to be an essential, if the deposition is otherwise regular and satisfactorily identified.  Revisal, sec. 1652.  *Murphy v. Work,* 2 N. C., 105; *Rutherford v. Nelson,* 2 N. C., 105; *Moulson v. Hargrave,* 1 Sergeant and Rawle, 201.  It was further insisted that his Honor erroneously admitted evidence of "repairs done to the car by defendant after the occurrence, and, with a view of continuing the work, overhauling the car and putting in new and heavier brakes," etc.

Our decisions are to the effect that evidence of subsequent repairs are not, as a general rule, admissible as tending to establish negligence or an admission of it by the employer.  *Tise v. Thomasville,* 151 N. C., 281; *Myers v. Lumber Co.,* 129 N. C., 252; *Lowe v. Elliott,* 109 N. C., 581.  There are several recognized exceptions, however, one being when evidence of the kind in question is brought out in showing "conditions existent at the time of the accident," and another "when the evidence may become pertinent on the question of whose duty it is to make the repairs."  29 Cyc., p. 618; *Blevins v. Cotton Mills,* 150 N. C., 493.

In the present case the evidence offered was chiefly that of the witness Jesse Brown, who succeeded plaintiff in the work, and the testimony received, among other things, was to the effect that, just after the injury, the car was overhauled, the rod mended, in  a way described, and stronger brakes added, etc., and this work was done by the company's blacksmith and by direction of the superintendent and general manager.

On the record, there was direct issue made between these parties as to whose duty it was to keep the car in proper repair, and, without deciding whether the conditions presented would make the evidence competent under the first of the exceptions above stated, we are clearly of opinion that it came within the second, and was therefore properly admitted.

There were a good many exceptions to the refusal of the court to give certain prayers for instructions by defendant, but to the extent justified by the facts in evidence they were sufficiently embodied in the general charge of the court, and, as heretofore stated, after careful examination, we find no error to defendant's prejudice that would justify us in disturbing the results of the trial. The judgment is therefore affirmed.

No error.