MARY LOU MINTZ v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 22 August, 1952.)

**1. Appeal and Error § 51a—**

Where the Supreme Court holds on appeal that the evidence was sufficient to overrule defendant's motions to nonsuit, in the subsequent trial upon substantially the same evidence the question of the sufficiency of the evidence is foreclosed.

**2. Evidence § 46e—**

In describing a spiral stairway, a witness' statement that it went up "as a corkscrew would" is *held* competent as a shorthand statement of a composite fact.

**3. Evidence § 26—**

Testimony of a witness as to the condition of a spiral stairway almost two years prior to the time in question cannot be held incompetent as too remote when other witnesses have testified in substance that the condition of the stairway remained unchanged from that time down to the moment of plaintiff's injury.

**4. Trial § 16—**

Where, upon objection, the court withdraws an unresponsive answer of a witness and categorically instructs the jury not to consider it, the action of the court in striking out the answer and withdrawing it from the jury precludes prejudicial error.

**5. Evidence § 26½—**

Defendant introduced in evidence photographs of the stairway in question, taken some two and one-half years after the accident in suit. The plaintiff later introduced testimony to the effect that defendant changed or repaired the steps after the accident. *Held:* While plaintiff's evidence was not competent to show negligence on the part of defendant it was competent for the limited purpose of disproving the correctness of the photographs and to contradict defendant's witnesses who identified the photographs as true representations of the steps at the time of the accident.

**6. Evidence § 46g—**

Where plaintiff introduces evidence that her physical condition was a direct result of her fall, it is competent for medical expert witnesses to testify, upon personal knowledge based upon their examination and treatment of plaintiff subsequent to the accident, as to the nature and extent of her injuries, the effect of such injuries upon plaintiff's capacity to work, and the probable result of future medical or surgical treatment of plaintiff.

**7. Evidence § 26—**

In order to be competent in evidence, an experiment must be made under conditions substantially similar to those prevailing at the time and place of the occurrence in suit, and the result of the experiment must have a legitimate tendency to prove or disprove an issue arising out of such occurrence, and the competency of experiment evidence is a preliminary question for the court to determine in the exercise of its discretion.

**8. Same—**

Where there is no evidence of probative force tending to show that the conditions under which an experiment was made were substantially the same as those existing at the time of the occurrence in suit, the record indicates that the court's ruling in excluding the experiment evidence was proper as a strictly legal question, and certainly does not support the view that the ruling rejecting the proffered evidence constitutes abuse of discretion.

APPEAL by defendant from *Sharp, Special Judge,* and a jury, at October Term, 1951, of BRUNSWICK.

Civil action by clerical employee of a railroad to recover damages of her employer for personal injuries allegedly suffered by her in the performance of the duties of her employment as the result of slipping and falling upon an ill-lighted, slick and unstable spiral stairway in an office building of her employer at Wilmington, North Carolina.

The complaint sets forth in specific detail factual averments warranting the conclusion that the plaintiff, Mary Lou Mintz, sustained disabling and permanent injuries to her spine as the proximate consequence of the failure of the defendant, Atlantic Coast Line Railroad Company, to exercise ordinary care to furnish her a reasonably safe place to do the work required of her. The answer admits the employment of plaintiff by defendant, denies actionable negligence on the part of defendant, and pleads contributory negligence on the part of plaintiff.

This case was before this Court at the Spring Term, 1951, and is reported in 233 N.C. 607, 65 S.E. 2d 120, where the pleadings are analyzed and the evidence at the first trial is stated. This Court held then that the testimony made the liability of defendant to plaintiff a question for the jury, but ordered a new trial because of error in the admission of evidence.

When the cause was heard anew, the parties offered substantially the same evidence as that presented by them at the original trial. These issues were submitted to the jury: (1) Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? (2) If so, did the plaintiff by her negligence contribute to her injury, as alleged in the answer? (3) What damages, if any, is the plaintiff entitled to recover of the defendant?

The jury answered the first issue "Yes," the second issue "No," and the third issue "$39,000.00." The trial judge entered judgment for plaintiff in accordance with the verdict, and the defendant appealed.

*J. Faison Thomson, John D. Bellamy & Sons, and Frink & Herring for plaintiff, appellee.*

*Poisson, Campbell & Marshall for defendant, appellant.*

ERVIN, J. The defendant makes these assertions by its assignments of error:

1. That the court erred in refusing to dismiss the action upon a compulsory nonsuit. G.S. 1-183.

2. That the court erred in the admission of testimony offered by plaintiff.

3. That the court erred in the exclusion of testimony offered by defendant.

4. That the court erred in its instructions to the jury.

Counsel for the defendant argue with much earnestness and eloquence that the action ought to have been involuntarily nonsuited in the court below. Inasmuch as the evidence now before us is substantially the same as that presented and considered on the former appeal, we are constrained to hold that this question is foreclosed against the defendant by the decision on the former appeal adjudging the evidence sufficient to carry the case to the jury and to support a verdict for the plaintiff. *Maddox v. Brown,* 233 N.C. 519, 64 S.E. 2d 864; *Randle v. Grady,* 228 N.C. 159, 45 S.E. 2d 35; *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366, 141 A.L.R. 1164; *Wall v. Asheville,* 220 N.C. 38, 16 S.E. 2d 397; *Simpson v. Oil Co.,* 219 N.C. 595, 14 S.E. 2d 638; *McGraw v. R. R.,* 209 N.C. 432, 184 S.E. 31; *Dixson v. Realty Co.,* 209 N.C. 354, 183 S.E. 382; *Groome v. Statesville,* 208 N.C. 815, 182 S.E. 657; *Masten v. Texas Co.,* 204 N.C. 569, 169 S.E. 158; *Madrin v. R. R.,* 203 N.C. 245, 165 S.E. 711; *Newbern v. Telegraph Co.,* 196 N.C. 14, 144 S.E. 375; *McCall v. Institute,* 189 N.C. 775, 128 S.E. 349; *Soles v. R. R.,* 188 N.C. 825, 125 S.E. 24; *Clark v. Sweaney,* 176 N.C. 529, 97 S.E. 474.

The assignments of error based on the admission of the testimony of the plaintiff's witnesses are discussed in the numbered paragraphs set forth below.

1. Upon being called on to describe "the general shape" of the stairway involved in this action, the plaintiff's witness B. B. Phillips, Jr., stated that it was "a spiral stairway, going up as a corkscrew would." The witness was an ordinary observer testifying to the results of his observation, and his evidence was admissible as a shorthand statement of a composite fact. *S. v. Sterling,* 200 N.C. 18, 156 S.E. 96; *Kepley v. Kirk,*

191 N.C. 690, 132 S.E. 788; *S. v. Skeen,* 182 N.C. 844, 109 S.E. 71; *S. v. Spencer,* 176 N.C. 709, 97 S.E. 155; *Bane v. R. R.,* 171 N.C. 328, 88 S.E. 477; *Board of Education v. Lumber Co.,* 158 N.C. 313, 73 S.E. 994. The appropriateness of his homely simile becomes apparent on a reading of the testimony of other witnesses who described the spiral stairway with technical precision.

2. The plaintiff's witness D. W. Merritt, who was employed by the defendant at its office building from 16 September, 1925, until 31 May, 1945, testified that during the entire period of his employment by defendant the steps of the spiral stairway "were slick and worn," some of the rods or spokes connecting the banister of the stairway with its steps were missing, and the stairway as a whole would shake when used. This evidence was received over the exception of the defendant, which stressfully insists that the interim between the date of the last observation of the witness, *i.e.,* 31 May, 1945, and the date of the plaintiff's alleged injury, *i.e.,* 10 April, 1947, prevents the evidence from having any logical tendency to show the condition of the stairway at the time of plaintiff's alleged injury or notice of such condition to the defendant. This contention is robbed of validity by the significant fact that other witnesses for the plaintiff, notably James E. Hearn, Jr., and E. A. Shands, testified in substance that the conditions depicted by Merritt remained unchanged down to the moment of the plaintiff's alleged injury. This being true, the testimony of Merritt was competent under the rule that evidence of conditions before an accident may be received where it is also shown that such conditions remained unchanged down to the occurrence of the accident. *Perry v. Manufacturing Co.,* 176 N.C. 68, 97 S.E. 162; *Millman v. U. S. Mortgage & Title Co. of New Jersey,* 121 N.J.L. 28, 1 A. 2d 265; *Louisville & N. R. Co. v. Frakes,* 11 Tenn. App. 593; 20 Am. Jur., Evidence, section 306; 38 Am. Jur., Negligence, section 313; 65 C.J.S., Negligence, section 230.

3. While he was undergoing cross-examination the plaintiff's witness S. T. Glover made this unresponsive answer to a question put to him by defendant's counsel: "The steps have been chipped at one time since the accident." The defendant forthwith moved to strike this answer, and the court promptly sustained the motion by giving this contemporary instruction to the jury: "Members of the jury, the court is allowing the motion of the defendant to strike from the evidence the answer of this witness to the effect that the steps have been chipped since April 10, 1947. That evidence is eliminated from this trial, and you will eliminate it from your consideration." We are satisfied that any danger that the unresponsive answer would work to the prejudice of the defendant was removed by the clear and emphatic language of the judge striking out the answer

---

---

and withdrawing it from the jury. *Medlin v. Simpson,* 144 N.C. 397, 57 S.E. 24; *Parrott v. R. R.,* 140 N.C. 546, 53 S.E. 432.

4. Witnesses for the defendant identified certain photographs made two and a half years after the accident as true representations of the steps of the spiral stairway at the time of the accident. The defendant introduced the photographs in evidence to illustrate the testimony of these witnesses. When she presented her rebuttal evidence, the plaintiff called to the stand A. G. Alderman and James E. Hearn, Jr., who testified in detail to facts indicating that about a week after the accident changes or repairs were made to the steps of the spiral stairway by the defendant, and that in consequence the photographs were not true pictures of the steps of the spiral stairway at the time of the accident. The defendant complains of the admission of the testimony of these witnesses concerning the changes or repairs. This evidence was not competent to show negligence on the part of the defendant on the occasion of the plaintiff's alleged injury. *Fanelty v. Jewelers,* 230 N.C. 694, 55 S.E. 2d 493; *Parrish v. R. R.,* 221 N.C. 292, 20 S.E. 2d 299; *Ledford v. Lumber Co.,* 183 N.C. 614, 112 S.E. 421; *Farrall v. Garage Co.,* 179 N.C. 389, 102 S.E. 617; *McMillan v. R. R.,* 172 N.C. 853, 90 S.E. 683; *Blevins v. Cotton Mills,* 150 N.C. 493, 64 S.E. 428; *Aiken v. Manufacturing Co.,* 146 N.C. 324, 59 S.E. 696; *Myers v. Lumber Co.,* 129 N.C. 252, 39 S.E. 960; *Lowe v. Elliott,* 109 N.C. 581, 14 S.E. 51. The record reveals, however, that the testimony was not presented or received for that purpose. The evidence that changes or repairs were made to the steps of the spiral stairway subsequent to the accident was offered by the plaintiff and admitted by the court for the express purpose of disproving the correctness of the photographs taken after the making of the changes or repairs, and contradicting the witnesses who identified the photographs as true representations of the steps of the spiral stairway at the time of the accident. We hold that the evidence was rightly received for this limited purpose. This conclusion finds explicit sanction in well considered cases in other jurisdictions where the precise question now before us was under consideration. *Northern Pac. R. Co. v. Alderson,* 199 Fed. 735, 118 C.C.A. 173; *Sample v. Chicago, B. & Q. R. Co.,* 233 Ill. 564, 84 N.E. 643; *Achey v. Marion,* 126 Iowa 47, 101 N.W. 435; *Standard Oil Co. v. Franks,* 167 Miss. 282, 149 So. 798. It likewise has implicit support in our own decisions. *Shelton v. R. R.,* 193 N.C. 670, 139 S.E. 232; *Beck v. Tanning Co.,* 179 N.C. 123, 101 S.E. 498; *Muse v. Motor Co.,* 175 N.C. 466, 95 S.E. 900; *Boggs v. Mining Co.,* 162 N.C. 393, 78 S.E. 274; *Pearson v. Clay Co.,* 162 N.C. 224, 78 S.E. 73; *Tise v. Thomasville,* 151 N.C. 281, 65 S.E. 1007.

5. The defendant complains of the receipt of the evidence of the plaintiff's witnesses Dr. Julian E. Jacobs and Dr. J. B. Cranmer, expert physi-

cians and surgeons, who based their testimony upon their own personal knowledge of the physical condition of the plaintiff obtained by them by examining or treating the plaintiff subsequent to the date of the accident. These medical experts described in minute detail the nature and extent of the plaintiff's injuries. Moreover, each of them expressed the opinion that the plaintiff's injuries were permanent in character and disabled her from doing any kind of work, and that the plaintiff's physical condition would not be improved by additional surgery. This evidence was competent under the rule that in personal injury actions, expert medical evidence is admissible to show the nature and extent of the plaintiff's injuries, the effect of such injuries on the plaintiff's capacity to work or to use his physical powers, and the probable result of future medical or surgical treatment of the plaintiff. *Dickson v. Coach Co.*, 233 N.C. 167, 63 S.E. 2d 297; *Patrick v. Treadwell*, 222 N.C. 1, 21 S.E. 2d 818; *Williams v. Stores Co., Inc.*, 209 N.C. 591, 184 S.E. 496; *Green v. Casualty Co.*, 203 N.C. 767, 167 S.E. 38; *Dempster v. Fite*, 203 N.C. 697, 167 S.E. 33; *Eaker v. International Shoe Co.*, 199 N.C. 379, 154 S.E. 667; *Butler v. Fertilizer Works*, 195 N.C. 409, 142 S.E. 483; *Dulin v. Henderson-Gilmer Co.*, 192 N.C. 638, 135 S.E. 614, 49 A.L.R. 663; *Taylor v. Power Co.*, 174 N.C. 583, 94 S.E. 432; *Ridge v. R. R.*, 167 N.C. 510, 83 S.E. 762, L.R.A. 1917E, 215; *Ferebee v. R. R.*, 167 N.C. 290, 83 S.E. 360; Stansbury on North Carolina Evidence, section 135; Rogers on Expert Evidence (3rd Ed.), section 130; 32 C.J.S., Evidence, section 534. In reaching this conclusion, we have not ignored the contention of the defendant that no evidence was adduced at the trial "purporting to connect the . . . physical condition of plaintiff with the . . . fall on the spiral stairway." This contention is untenable. The plaintiff deposed in person to many specific facts tending to show that her physical condition was the direct result of her fall on the spiral stairway. Besides, Dr. Jacobs expressed the opinion in response to a hypothetical question that the fall was sufficient to cause the plaintiff's injuries. This particular testimony of this medical witness was admitted without objection.

The defendant assigns as error the exclusion of the testimony of its witness M. W. Clark as to an experiment made by him and two other men more than two and a half years after the accident to test the stability of the banister or handrail of the spiral stairway. The rejected testimony was as follows: "Three of us stood on the steps, grasped the handrail in our hands, and pulled on it. It sustained the weight of three persons."

To be admissible in evidence, an experiment must satisfy this twofold requirement: (1) The experiment must be made under conditions substantially similar to those prevailing at the time of the occurrence involved in the action; and (2) the result of the experiment must have a legitimate tendency to prove or disprove an issue arising out of such

occurrence. *Simpson v. Oil Co., supra; Caldwell v. R. R.,* 218 N.C. 63, 10 S.E. 2d 680; *S. v. Holland,* 216 N.C. 610, 6 S.E. 2d 217; *S. v. Mc-Lamb,* 203 N.C. 442, 166 S.E. 507; *S. v. Young,* 187 N.C. 698, 122 S.E. 667; *Draper v. R. R.,* 161 N.C. 307, 77 S.E. 231; *Arrowood v. R. R.,* 126 N.C. 629, 36 S.E. 151; *Cox v. R. R.,* 126 N.C. 103, 35 S.E. 237.

The rule obtains in this jurisdiction that "whether or not evidence of experiments is admissible is, under the circumstances of each case, a preliminary question for the determination of the court in the exercise of its discretion, which will not be interfered with by an appellate tribunal unless an abuse is made clearly to appear." 32 C.J.S., Evidence, section 587; *S. v. Holland, supra; S. v. McLamb, supra.*

The record does not support the view that the ruling rejecting the proffered testimony constituted an abuse of discretion. Indeed, it indicates that the ruling was proper on the strictly legal ground that the defendant failed to show in an adequate manner a similarity in essential conditions on the two relevant occasions. *Caldwell v. R. R., supra;* 32 C.J.S., Evidence, section 590.

The only witness to the exact condition of the banister or handrail at the precise time of the experiment was Clark, who stated, in substance, that the appliance was then in an excellent state of repair. He also testified that he had inspected the building containing the spiral stairway "practically every year" since 1930, and that it was "his position" that there had "been no change in any parts or in the carrying capacity of the rail, spokes, and structure itself at any time before or after April 10, 1947," the day of the accident. When Clark's testimony is read aright in its entirety, however, it is plain that he had no personal knowledge of the exact condition of the banister or handrail at the time of the accident, and that in consequence "his position," *i.e.,* the attitude assumed by him in reference to the matter, was without probative force as against the testimony of the other witnesses to the effect that at that time a number of the rods or spokes supporting the banister or handrail were either bent out of shape or missing altogether.

A careful consideration of the assignments of error based on the charge shows that each of the challenged instructions conforms to approved precedents. For this reason, an elaboration of these assignments is unnecessary.

Since the trial was free of legal error, the judgment must be upheld.

No error.